UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **TIM P. BRUNDLE**, on behalf of the Constellis Employee Stock Ownership Plan,<br><br>    Plaintiff,<br><br>v.<br><br>**WILMINGTON TRUST, N.A.**, as successor to **WILMINGTON TRUST RETIREMENT AND INSTITUTIONAL SERVICES COMPANY**,<br><br>    Defendant. | **Civil Action No. 1:15cv1494-LMB-IDD** |

**THIRD AMENDED COMPLAINT**

Plaintiff Tim P. Brundle, by his undersigned attorneys, on behalf of the Constellis Employee Stock Ownership Plan ("ESOP"), alleges upon personal knowledge, the investigation of his counsel, and upon information and belief as to all other matters, as to which allegations he believes substantial evidentiary support will exist after a reasonable opportunity for further investigation and discovery, as follows:

## BACKGROUND

1. Plaintiff Tim P. Brundle sues Wilmington Trust, N.A. ("Wilmington") under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), for losses suffered by the ESOP and other relief under ERISA §§ 409 and 502(a)(2), 29 U.S.C. §§ 1109 and 1132(a)(2), caused by Wilmington, which was the Trustee for the ESOP when the ESOP acquired shares of Constellis Group, Inc. ("Constellis") in 2013.

2. Plaintiff participated in the ESOP and vested in the Constellis stock held in his account in the ESOP.

3. The ESOP was established by Constellis in 2013.

4. The ESOP is a retirement plan governed by ERISA.

5. The ESOP was administered at 12018 Sunrise Valley Drive Ste. 140, Reston, Virginia 20191.

6. Constellis is headquartered at 12018 Sunrise Valley Drive Ste. 140, Reston, Virginia 20191.

7. Constellis bills itself as global provider of security, training and mission support services.

8. Constellis hired Wilmington to be the Trustee for the ESOP.

9. As Trustee for the ESOP, it was Wilmington's exclusive duty to ensure that any transactions between the ESOP, Constellis and Constellis shareholders, including loans to the ESOP and acquisitions of Constellis stock by the ESOP, were fair and reasonable and to ensure that the ESOP paid no more than fair market value.

10. The ESOP purchased its shares of Constellis common stock from the four S-Corporation shareholders of Constellis or their trusts ("Sellers").

11. The Sellers are parties in interest under ERISA § 3(14), 29 U.S.C. § 1002(14), because they were officers, directors, or employees of Constellis and/or owned 10% or more of Constellis.

12. On December 19, 2013, Wilmington caused the ESOP to purchase all the common stock of Constellis, 47,586.54847 shares, from the Sellers for $201,529,033 (the "ESOP Transaction").

13. The ESOP paid $4,235 per share for the Constellis stock.

14. Wilmington caused the ESOP to take a loan from the Sellers in the amount of $152,335,331 to complete the purchase Constellis stock from the Sellers.

15. Constellis guaranteed the ESOP's debt to the four S-Corporation shareholders.

16. On July 25, 2014, Constellis was acquired by Constellis Holdings, Inc. ("Constellis Holdings") for $20 million in cash to the ESOP plus the assumption of debt due to the original Sellers.

17. The Sellers had originally received a note for $152,335,331 as part of the consideration for their sale to the ESOP. This note was reduced to $99,685,124. Thus Constellis

Holdings paid significantly less for the company, approximately 40% less, than what the ESOP had paid just seven months earlier.

18. In 2014, Constellis or Constellis Holdings terminated its ESOP.

19. Participants in the ESOP were not allowed to vote on the acquisition of Constellis by Constellis Holdings because Constellis and/or the Sellers conferred all the voting rights on Wilmington.

20. The Internal Revenue Service never issued a determination letter saying the ESOP was qualified under the Internal Revenue Code as an employee benefit plan.

21. The massive decline in the value of Constellis in just seven months cannot plausibly be explained by anything other than a deficient valuation of Constellis on behalf of the ESOP as part of the ESOP Transaction.

22. Constellis stock underperformed similarly-sized U.S. companies during the period 2013-2014. For example, from July 1, 2013 through June 30, 2014, the iShares Micro-Cap ETF, a fund that tracks the Russell 2000, an index of 2,000 U.S. companies with comparable market capitalizations (the median and average market capitalizations are respectively, $464 million and $229 million)[1] to Constellis gained approximately 23%. Constellis, however, dropped 40% in value.

23. Constellis underperformed companies involved in defense, homeland security, and space during this same period. The PowerShares Aerospace & Defense Portfolio, a fund

---

[1] The composition of this index as of May 29, 2015 can be found at https://www.russell.com/indexes/emea/tools-resources/reconstitution/market-capitalization-ranges.page.

based on the SPADE Defense Index, gained just over 30% from July 1, 2013, through June 30, 2014.  Constellis, however, dropped 40% in value.

24. In the years preceding the ESOP Transaction The McLean Group had consistently valued Constellis at 30-40% less than the price Wilmington caused the ESOP to pay for Constellis.

25. Wilmington failed to properly consider prior valuations and the significance of the single contract when valuing Constellis for the ESOP Transaction.

26. The true value of Constellis on December 19, 2013 was closer to the $120 million paid for the company in July 2014 pursuant to an arm's length transaction.

27. An arm's length transaction just over seven months after the December 19, 2013 ESOP Transaction is more indicative of the true value of Constellis on December 19, 2013 than a valuation performed under the supervision and direction of the Sellers' handpicked trustee.

28. Plaintiff is not aware of any material change in circumstances to Constellis between December 19, 2013 and July 2014, when it was acquired.

29. Wilmington did not provide any information to participants in the ESOP, including Plaintiff, to explain the massive decline in the value of Constellis.

## JURISDICTION AND VENUE

30. This action arises under Title I of ERISA, 29 U.S.C. §§ 1001 *et seq.*, and is brought by Plaintiff under ERISA § 502(a), 29 U.S.C. § 1132(a), to enjoin acts and practices that violate the provisions of Title I of ERISA, to require Wilmington to make good to the ESOP losses resulting from its violations of ERISA, to restore to the ESOP any profits and fees made

and received by Wilmington, and to obtain other appropriate equitable and legal remedies in order to redress violations and enforce the provisions of Title I of ERISA.

31. This Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

32. Venue is proper in this District pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because some or all of the events or omissions giving rise to the claims occurred in this District, the ESOP was administered in this District, and Constellis is headquartered in this District.

## PARTIES

33. Plaintiff Tim P. Brundle participated in the ESOP and vested in Constellis common stock shares in his account in the ESOP. Brundle is a resident of McAllen, Texas.

34. Defendant Wilmington Trust, N.A. ("Wilmington") is a trust company chartered in Delaware. Its main office is at 1100 North Market Street, Wilmington, Delaware 19890. Wilmington is a wholly-owned subsidiary of Wilmington Trust Corporation ("Wilmington Trust"), which is also headquartered at 1100 North Market Street, Wilmington, Delaware 19890. Wilmington Trust is a wholly-owned division of M&T Bank Corporation ("M&T"). M&T is headquartered in Buffalo, New York.

# CLAIMS FOR RELIEF

## COUNT ONE
### Engaging in Prohibited Transactions Forbidden by ERISA § 406(a)-(b), 29 U.S.C. § 1106(a)-(b)

35. Plaintiff incorporates the preceding paragraphs as though set forth herein.

36. Constellis was a party in interest to the ESOP because it is the employer whose employees are covered by the ESOP. ERISA § 3(14)(C), 29 U.S.C. § 1002(14)(C).

37. The Sellers were parties in interest to the ESOP because they were employees, officers, directors, and/or 10 percent or more shareholders of Constellis. ERISA § 3(14)(H), 29 U.S.C. § 1002(14)(H).

38. Wilmington was a fiduciary for the ESOP because it was the Trustee responsible for deciding on behalf of the ESOP whether to engage in the ESOP Transaction, the price to pay for Constellis stock, and the terms of the Sellers' note to the ESOP.

39. ERISA § 406(a)(1)(B), 29 U.S.C. § 1106(a)(1)(B), prohibits a plan fiduciary, here Wilmington, from causing the plan, here the ESOP, to borrow money from a party in interest, here the Sellers. ERISA § 406(a)(1)(A), 29 U.S.C. § 1106(a)(1)(A), prohibits Wilmington from causing a plan, here the ESOP, from engaging in a sale or exchange of any property, here Constellis stock, with a party in interest, here the Sellers.

40. ERISA § 406(b)(2) and (3), 29 U.S.C. § 1106(b)(2) and (3), provide that a fiduciary for a plan shall not—

> (2) in his individual or in any other capacity act in any transaction involving the plan on behalf of a party (or represent a party) whose interests are adverse to the interests of the plan or the interests of its participants or beneficiaries, or

6

> (3) receive any consideration for his own personal account from any party dealing with such plan in connection with a transaction involving the assets of the plan.

41. In violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2), in approving the ESOP Transaction, Wilmington acted for the benefit of the Sellers in a transaction in which the Sellers were adverse to the ESOP, by approving a purchase price for Constellis stock that vastly exceeded its value, which greatly benefited the Sellers at the expense of the ESOP.

42. In violation of ERISA § 406(b)(3), 29 U.S.C. § 1106(b)(3), in the course of the ESOP Transaction, Wilmington received payment from Constellis and/or the Sellers for serving as the Trustee on behalf of the ESOP with respect to the ESOP Transaction.

43. The loan and Constellis stock transactions between the ESOP and parties in interest, namely the Sellers, were prohibited transactions.

44. The loan and Constellis stock transactions between the ESOP and parties in interest were caused by Wilmington in its capacity as trustee for the ESOP.

45. ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), permits a plan participant to bring a suit for the relief under ERISA § 409, 29 U.S.C. § 1109.

46. ERISA § 409, 29 U.S.C. § 1109, provides, *inter alia*, that any person who is a fiduciary with respect to a plan and who breaches any of the responsibilities, obligations, or duties imposed on fiduciaries by Title I of ERISA shall be personally liable to make good to the plan any losses to the plan resulting from each such breach, and additionally is subject to such other equitable or remedial relief as the court may deem appropriate, including removal of the fiduciary.

47. Wilmington caused approximately $81 million in losses to the ESOP by the prohibited transactions in an amount to be proven more specifically at trial.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendant and for the following relief:

A. Declare that Wilmington caused the ESOP to engage in prohibited transactions;

B. Enjoin Wilmington from further violations of ERISA and its fiduciary duties;

C. Order Wilmington to adopt policies and procedures with respect to serving as trustee in connection with ESOP valuations consistent with the Department of Labor's settlement with GreatBanc Trust Company, available at http://www.dol.gov/ebsa/pdf/esopagreement.pdf;

D. Order that Wilmington make good to the ESOP and/or to any successor trust(s) the losses resulting from its breaches and restore any profits it has made through use of assets of the ESOP;

E. Order that Wilmington provide other appropriate equitable relief to the ESOP, including but not limited to surcharge, providing an accounting for profits, and imposing a constructive trust and/or equitable lien on any funds wrongfully held by Wilmington;

F. Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), and/or for the benefit obtained for the common fund;

G. Order Wilmington to disgorge any fees it received in conjunction with its services as Trustee for the ESOP as well as earnings and profits thereon;

H. Order Wilmington to pay prejudgment interest;

I. Order Wilmington to distribute all assets, including proceeds from the sale of Constellis stock and losses and other monies recovered by this lawsuit, held by the ESOP or any successor trust to plan participants and beneficiaries; and

J. Award such other and further relief as the Court deems equitable and just.

Dated: July 5, 2016

Respectfully submitted,

BAILEY & GLASSER LLP

s/ Gregory Y. Porter
Gregory Y. Porter (VSB No. 40408)
Ryan T. Jenny (*pro hac vice*)
1054 31st Street, NW
Suite 230
Washington, DC 20007
Telephone: (202) 463-2101
Facsimile: (202) 463-2103
gporter@baileyglasser.com
rjenny@baileyglasser.com

Thanos Basdekis, Esq. (VSB No. 50913)
209 Capitol Street
Charleston, WV 25301
Telephone: (304) 345-6555
Fax: (304) 342-1110
tbasdekis@baileyglasser.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of July 2016, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send such notification to the following:

James P. McElligott, Jr.
Sarah Aiman Belger
Summer L. Speight
McGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
Tysons Corner, Virginia 22102-4215
Telephone: (703) 712-5350
Facsimile: (703) 712-5299
jmcelligott@mcguirewoods.com
sbelger@mcguirewoods.com
sspeight@mcguirewoods.com
*Counsel for Defendant*

                                              s/ Gregory Y. Porter
                                              Gregory Y. Porter (VSB No. 40408)
                                              BAILEY & GLASSER LLP
                                              1054 31st Street, NW
                                              Suite 230
                                              Washington, DC 20007
                                              Telephone: (202) 463-2101
                                              Facsimile: (202) 463-2103
                                              gporter@baileyglasser.com
                                              *Attorneys for Plaintiff*