**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| TIM P. BRUNDLE, on behalf of the Constellis Employee Stock Ownership Plan,<br><br>    Plaintiff,<br><br>v.<br><br>WILMINGTON TRUST, N.A., as successor to Wilmington Trust Retirement and Institutional Services Company,<br><br>    Defendant. | Civil Action No. 1:15cv1494 (LMB/IDD) |

**ANSWER TO THIRD AMENDED COMPLAINT**

Defendant Wilmington Trust, N.A., as successor to Wilmington Trust Retirement and Institutional Services Company ("Wilmington Trust" or "Defendant"), by and through undersigned counsel and pursuant to Rule 15(a)(3) of the Federal Rules of Civil Procedure, state the following as its Answer to the Third Amended Complaint filed by Plaintiff Tim P. Brundle ("Plaintiff").

**BACKGROUND**

1.      Defendant admits it served as the trustee for the Constellis Employee Stock Ownership Plan ("ESOP") when the ESOP acquired shares of Constellis Group, Inc. ("Constellis") in 2013. Defendant also admits that Plaintiff purports to bring this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, but denies any violation of ERISA. Defendant denies the remaining allegations in paragraph 1 of the Third Amended Complaint.

2. Defendant admits that Plaintiff participated in the ESOP. Defendant denies the remaining allegations in paragraph 2 of the Third Amended Complaint.

3. Defendant admits the allegations in paragraph 3 of the Third Amended Complaint.

4. Defendant admits the allegations in paragraph 4 of the Third Amended Complaint.

5. Defendant admits that all matters other than investments that concern the operation of the ESOP were administered by Constellis, whose address was 12018 Sunrise Valley Drive, Ste. 140, Reston, VA 20191. Defendant denies any remaining allegations in paragraph 5 of the Third Amended Complaint.

6. Defendant admits that Constellis was headquartered at 12018 Sunrise Valley Drive, Ste. 140, Reston, VA 20191. Defendant denies any remaining allegations in paragraph 6 of the Third Amended Complaint.

7. Defendant admits the allegations in paragraph 7 of the Third Amended Complaint.

8. Defendant admits the allegations in paragraph 8 of the Third Amended Complaint.

9. Defendant admits the allegations in paragraph 9 of the Third Amended Complaint.

10. Defendant admits the ESOP purchased shares of Constellis common stock from four S-Corporation shareholders and their related trusts and limited liability companies. Defendant denies any remaining allegations in paragraph 10 of the Third Amended Complaint.

11. Defendant denies that all the sellers "were officers, directors, or employees of Constellis and/or owned 10% or more of Constellis." The remaining allegations in paragraph 11 of the Third Amended Complaint call for legal conclusions which Defendant is not required to admit or deny. To the extent a response is required, Defendant denies the same.

12. Defendant admits that the ESOP purchased 47,586.55 shares of Constellis common stock at a purchase price of $4,235.00 per share on or about December 20, 2013. Defendant denies the remaining allegations in paragraph 12 of the Third Amended Complaint.

13. Defendant admits the allegations in paragraph 13 of the Third Amended Complaint.

14. Defendant admits that the ESOP borrowed $152,335,331 and denies the remaining allegations of paragraph 14 as phrased. Defendant states that of that amount, $138,215,317 was borrowed from the sellers, and the ESOP borrowed $14,120,013 from the Company. Defendant denies the remaining allegations in paragraph 14 of the Third Amended Complaint.

15. Defendant denies the allegations in paragraph 15 of the Third Amended Complaint.

16. Defendant admits that Constellis was acquired by Constellis Holdings, Inc. on July 25, 2014 and, as part of that transaction, the ESOP received $20 million in cash. Defendant denies the remaining allegations in paragraph 16 of the Third Amended Complaint.

17. Defendant admits that the sellers had originally received a note for $138,215,317 as part of the consideration for their sale to the ESOP, and this note was reduced. Defendant denies the remaining allegations of paragraph 17 of the Third Amended Complaint.

18. Defendant admits that the ESOP was converted to a profit sharing plan in July 2014. Defendant denies the remaining allegations in paragraph 18 of the Third Amended Complaint.

19. Defendant denies the allegations in paragraph 19 of the Third Amended. Complaint.

20. Defendant admits the allegations in paragraph 20 of the Third Amended Complaint.

21. Paragraph 21 of the Third Amended Complaint contains nothing more than legal conclusions or argument which Defendant is not required to admit or deny. To the extent a response is required, Defendant denies the allegations in paragraph 21 of the Third Amended Complaint.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 22 of the Third Amended Complaint, and therefore, it denies the same. Defendant denies the remaining allegations in paragraph 22 of the Third Amended Complaint.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 23 of the Third Amended Complaint, and therefore, it denies the same. Defendant denies the remaining allegations in paragraph 23 of the Third Amended Complaint.

24. Defendant denies the allegations in paragraph 24 of the Third Amended Complaint.

25. Defendant denies the allegations in paragraph 25 of the Third Amended Complaint.

26. Defendant denies the allegations in paragraph 26 of the Third Amended Complaint.

27. Defendant denies the allegations in paragraph 27 of the Third Amended Complaint.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Third Amended Complaint regarding Plaintiff's awareness, and therefore, Defendant denies the allegations in paragraph 28 of the Third Amended Complaint.

29. Defendant admits it did not provide information to participants in the ESOP, including Plaintiff, to explain any "massive decline in the value of Constellis," but denies that there was a "massive decline in the value of Constellis."

## JURISDICTION AND VENUE

30. Defendant admits that Plaintiff purports to bring this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, but denies any violation of ERISA. Defendant denies the remaining allegations in paragraph 30 of the Third Amended Complaint.

31. The allegations in paragraph 31 of the Third Amended Complaint call for legal conclusions which Defendant is not required to admit or deny. To the extent a response is required, Defendant denies the same.

32. Defendant admits that venue is proper in this district, the ESOP was administered in this District, and Constellis was headquartered in this District. Defendant denies any remaining allegations in paragraph 32 of the Third Amended Complaint.

## PARTIES

33. Defendant admits that it maintained an account under the ESOP for Plaintiff based on Constellis's direction that Plaintiff was a participant in the ESOP. Upon information and belief, Defendant admits that Plaintiff is a resident of McAllen, Texas. Defendant denies the remaining allegations in paragraph 33 of the Third Amended Complaint.

34. Defendant admits the allegations in paragraph 34 of the Third Amended Complaint.

## CLAIMS FOR RELIEF

## COUNT ONE

35. Defendant incorporates by reference and restates its responses to paragraphs 1 to 34.

36. Defendant admits that Constellis was an employer whose employees were covered by the ESOP. The remaining allegations in paragraph 36 of the Third Amended Complaint call for legal conclusions which Defendant is not required to admit or deny. To the extent a response is required, Defendant denies the same.

37. Defendant denies that all the sellers "were employees, officers, directors, and/or 10 percent or more shareholders of Constellis." The remaining allegations in paragraph 37 of the Third Amended Complaint call for legal conclusions which

Defendant is not required to admit or deny. To the extent a response is required, Defendant denies the same.

38. Defendant admits the allegations in paragraph 38 of the Third Amended Complaint.

39. Paragraph 39 of the Third Amended Complaint contains nothing more than legal conclusions or argument which Defendant is not required to admit or deny. To the extent a response is required, Defendant denies the allegations in paragraph 39 of the Third Amended Complaint.

40. In response to the allegations in paragraph 40 of the Third Amended Complaint, Defendant states that the text of the statute speaks for itself and denies any allegations in paragraph 40 to the extent they are inconsistent with the text of the statute.

41. The allegations in paragraph 41 of the Third Amended Complaint call for legal conclusions which Defendant is not required to admit or deny. To the extent a response is required, Defendant denies the same.

42. The allegations in paragraph 42 of the Third Amended Complaint call for legal conclusions which Defendant is not required to admit or deny. To the extent a response is required, Defendant denies the same.

43. The allegations in paragraph 43 of the Third Amended Complaint call for legal conclusions which Defendant is not required to admit or deny. To the extent a response is required, Defendant denies the same.

44. The allegations in paragraph 44 of the Third Amended Complaint call for legal conclusions which Defendant is not required to admit or deny. To the extent a response is required, Defendant denies the same.

45. Defendant admits the allegations in paragraph 45 of the Third Amended Complaint.

46. Paragraph 46 of the Third Amended Complaint contains nothing more than legal conclusions or argument which Defendant is not required to admit or deny. To the extent a response is required, Defendant denies the allegations in paragraph 46 of the Third Amended Complaint.

47. The allegations in paragraph 47 of the Third Amended Complaint call for legal conclusions which Defendant is not required to admit or deny. To the extent a response is required, Defendant denies the same.

Defendant denies that Plaintiff is entitled to judgment or any of the other relief requested in his Prayer for Relief.

To the extent not explicitly admitted above, Defendant denies any remaining allegations in the Third Amended Complaint. To the extent any of the headings in Plaintiff's Complaint are deemed to constitute factual allegations, they are denied as well. Further, Defendant reserves the right to amend its responses to the above allegations as additional information becomes available.

## DEFENSES

Defendant states the following as its Defenses to the Third Amended Complaint.

### FIRST DEFENSE

Defendant incorporates by reference and restates its responses to paragraphs 1 to 47 of the Third Amended Complaint. The purchase of Constellis stock by the ESOP was for adequate consideration under ERISA and no commission was charged with respect thereto under 29 U.S.C. § 1108(e) and did not exceed the fair market value of the stock

as determined in good faith by Defendant under 29 U.S.C. §§ 1108(e)(1)(A) and 1002(18)(B).

All loans to the Plan made or guaranteed by a disqualified person satisfied all requirements applicable to Exempt Loans under 29 U.S.C. § 1108(b)(3) which explicitly permits such a transaction. The loan was primarily for the benefit of participants and beneficiaries of the ESOP. Neither Plaintiff nor any other ESOP participant contributed assets to the ESOP. The loan was at an interest rate which was not in excess of a reasonable rate.

Wilmington Trust received compensation that was reasonable for the services rendered and for the reimbursement of expenses properly and actually incurred, in the performance of its duties under the Plan within the meaning of 29 U.S.C. § 1108(c)(2), which provides that "[n]othing in Section 1106 of this title shall be construed to prohibit any fiduciary from . . . receiving any reasonable compensation for services rendered."

Wilmington Trust employed a prudent and appropriate process to value Constellis stock and made a reasonable good faith determination that the price at which the ESOP agreed to purchase Constellis stock constituted "adequate consideration" for such stock under ERISA at the time of the ESOP transaction.

Wilmington Trust engaged an independent, highly respected, and experienced independent financial advisor, Stout Risius Ross, Inc. ("SRR"), and experienced, independent legal counsel, Taylor English Duma LLP, who advised Wilmington Trust during the valuation, negotiation, and purchase of the stock, performed due diligence, and negotiated transaction documents. SRR prepared a detailed analysis of the transaction

and the valuation and opined that the terms and conditions of the ESOP transaction, taken as a whole, are fair to the ESOP from a financial point of view.

In advising Wilmington Trust with respect to the 2013 purchase of Constellis stock, SRR's team of financial analysts considered the nature of Constellis' business and history, the general economic outlook, the outlook of Constellis' own industry, the earning capacity and dividend-paying capacity of Constellis, previous sales of Constellis stock, and market prices of stock of publicly-traded corporations engaged in similar lines of business. SRR considered, among other things, Constellis' audited financial statements for 2008 through 2012, Constellis' internally-prepared financial statements for 2013, financial projections prepared by Constellis management and confirmed by Constellis' CEO, the terms of the transaction, and the transaction document. Along with SRR's 124-page report on the fairness of the stock purchase, SRR gave its independent written opinion that:

- the consideration to be paid by the ESOP for shares of Class A Common stock pursuant to the terms of the ESOP Purchase is not greater than the Fair Market Value of such shares;
- the interest rate on the Initial Seller Notes and the Initial ESOP Loan, and the proposed interest rate on the Refinanced Internal ESOP Loan should the Refinancings be consummated, are not in excess of a reasonable rate;
- the financial terms of the Initial Seller Notes and the Initial ESOP Loan, and the proposed financial terms of the Refinanced Internal ESOP Loan should the Refinancings be consummated, are at least as favorable to the ESOP as would be the financial terms of a comparable loan resulting from arm's-length negotiations between independent parties; and
- the terms and conditions of the Transaction, taken as a whole, are fair to the ESOP from a financial point of view.

Wilmington Trust also relied on advice from independent legal counsel, Taylor English Duma LLP, including but not limited to a due diligence memorandum discussing the capital structure, tax status, corporate governance, subsidiaries, affiliates, and joint

ventures, employee matters, employee benefits and insurance, financial statutes, real estate, liens and financial obligations, permits, and contracts of Constellis.

In February 2014, Academi Holdings, LLC – a competitor of Constellis – expressed interest in purchasing Constellis and initially offered to purchase with no consideration payable to the ESOP because of the significant debt outstanding from the 2013 ESOP Transaction. After further negotiations, on March 24, 2014, Academi Holdings, LLC offered $10 million of proceeds payable to the ESOP. On April 28, 2014, Academi Holdings, LLC increased its offer to the ESOP to $14 million. On April 30, 2014, Academi Holdings, LLC increased its offer to the ESOP to $18 million. Finally, on May 5, 2014, the parties agreed on a payment to the ESOP of $20 million. Wilmington Trust, on behalf of the ESOP, engaged in these negotiations which resulted in an increase in the sales proceeds to the ESOP.

No ESOP participants were vested in their ESOP accounts until the ESOP was converted to a profit sharing plan on July 25, 2014. Unless a participant reached Normal Retirement Age (in which case he or she would be 100% vested), his vested interest was determined by a 6-year graded schedule in which his vested interest remained 0% until he completed 2 years of service (at which time he would have been 20% vested). To determine a participant's years of service for vesting, the plan excluded service during any time for which Constellis did not maintain the ESOP. Plaintiff had less than one Year of Service at the time of the ESOP's termination and was not vested in his ESOP accounts. Plaintiff contributed nothing to his ESOP account, but benefited from the ESOP transactions, gaining $19,015.25 in his new profit sharing account in 2014. This

windfall benefit to ESOP participants was incremental to other benefits the Company's employees received because the ESOP did not replace any benefits.

## SECOND DEFENSE

Defendant incorporates by reference and restates its responses to paragraphs 1 to 47 of the Third Amended Complaint and its prior defenses. The Third Amended Complaint fails to state a claim for which relief can be granted.

## THIRD DEFENSE

Defendant incorporates by reference and restates its responses to paragraphs 1 to 47 of the Third Amended Complaint and its prior defenses. Plaintiff's claims for relief must be dismissed for lack of subject matter jurisdiction because Plaintiff lacks Article III standing to pursue his claim.

## FOURTH DEFENSE

Defendant incorporates by reference and restates its responses to paragraphs 1 to 47 of the Third Amended Complaint and its prior defenses. Plaintiff's claims for relief fail because, even assuming that Plaintiff can prove the required elements for a violation of ERISA § 406, 29 U.S.C. § 1106, the challenged acts and or transactions are exempt under ERISA § 408, 29 U.S.C. § 1108.

## FIFTH DEFENSE

Defendant incorporates by reference and restates its responses to paragraphs 1 to 47 of the Third Amended Complaint and its prior defenses. Defendant properly discharged its fiduciary duties under ERISA by engaging in a reasonable and prudent process, acting prudently and in good faith based on facts and circumstances existing as of the time of the transactions, including, but not limited to, considering the terms of the plan and interests of the participants, applying judgment and good faith to approve the

consideration for the stock as adequate consideration under ERSIA, engaging in substantial due diligence, negotiating with the parties in the transactions, retaining financial advisors and legal counsel to assist and advise with respect to the transactions, and reasonably relying on the advice and opinions provided by its financial and legal advisors.

### SIXTH DEFENSE

Defendant incorporates by reference and restates its responses to paragraphs 1 to 47 of the Third Amended Complaint and its prior defenses. Plaintiff's claim is barred because Defendant did not know, and in the exercise of reasonable care could not have known, of the existence of facts by reason of which the liability is alleged to exist.

### SEVENTH DEFENSE

Defendant incorporates by reference and restates its responses to paragraphs 1 to 47 of the Third Amended Complaint and its prior defenses. Plaintiff's allegations fail to form the basis for an award of attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1).

### EIGHTH DEFENSE

Some claims asserted by Plaintiff on behalf of the ESOP or ESOP participants are barred, in whole or in part, by the doctrines of accord and satisfaction, payment, waiver, and release.

### NINTH DEFENSE

The ESOP's alleged losses have no basis in fact and are speculative, abstract, and hypothetical in nature.

### TENTH DEFENSE

Plaintiff's claims are barred because he cannot show particularized injury to himself.

## ELEVENTH DEFENSE

To the extent Plaintiff seeks to recover for individuals other than himself in his "representative" capacity, he has failed to state a claim upon which relief can be granted and any "representative" claims must be dismissed because Plaintiff's individual claims are barred or otherwise inappropriate.

## TWELFTH DEFENSE

Plaintiff and his attorneys do not fairly and adequately represent the interests of the ESOP plan participants as required by Rules 23.1 and/or 23.2 of the Federal Rules of Civil Procedure.

## THIRTEENTH DEFENSE

Plaintiff's Complaint fails to meet the pleading standards required by Rule 23.1 of the Federal Rules of Civil Procedure.

In addition to the foregoing defenses, Defendant reserves the right to assert or rely upon any and all additional defenses that may be determined during the course of discovery and litigation of this case.

WHEREFORE, having answered Plaintiff's Third Amended Complaint, Defendant respectfully requests that the Court enter judgment in favor of Defendant, dismiss all claims against it with prejudice, award Defendant its costs and reasonable attorneys' fees, and allow Defendant such other and further relief as the Court may deem just and proper.

**WILMINGTON TRUST RETIREMENT AND INSTITUTIONAL SERVICES COMPANY**
By Counsel

      /s/ Sarah Aiman Belger
Sarah Aiman Belger (VSB No. 67947)
John E. Thomas, Jr. (VSB No. 81013)
*Counsel for Defendant*
**McGuireWoods LLP**
1750 Tysons Boulevard, Suite 1800
Tysons, Virginia 22102-4215
Telephone: (703) 712-5350
Facsimile: (703) 712-5299
sbelger@mcguirewoods.com
jethomas@mcguirewoods.com

James P. McElligott, Jr. (VSB No. 14109)
*Counsel for Defendant*
**McGuireWoods LLP**
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
Telephone: 804-775-4329
Facsimile: 804-698-2111
Email: jmcelligott@mcguirewoods.com

Summer L. Speight (VSB No. 80957)
*Counsel for Defendant*
**McGuireWoods LLP**
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
Telephone: 804.775-1839
Facsimile: 804-698-2128
Email: sspeight@mcguirewoods.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of July, 2016, I electronically filed a copy of the foregoing with the Clerk of Court using the Court's CM/ECF System which will send notification of such filing to all registered filers.

| | |
|---|---|
| Gregory Y. Porter (VSB No. 40408) | Athanasios Basdekis (VSB No. 50913) |
| Ryan T. Jenny | Brian Alexander Glasser |
|   (admitted *pro hac vice*) |   (admitted *pro hac vice*) |
| Patrick Owen Muench | *Counsel for Plaintiff* |
|   (admitted *pro hac vice*) | **Bailey & Glasser, LLP** |
| *Counsel for Plaintiff* | 209 Capitol Street |
| **Bailey & Glasser, LLP** | Charleston, WV  25301 |
| 1054 31st Street, N.W., Suite 230 | Telephone:  304-345-6555 |
| Washington, D.C.  20007 | Facsimile:  304-342-1110 |
| Telephone:  202-463-2101 | Email:  bglasser@baileyglasser.com |
| Facsimile:  202-463-2103 | tbasdekis@baileyglasser.com |
| Email:  gporter@baileyglasser.com | |
| rjenny@baileyglasser.com | |
| pmuench@baileyglasser.com | |

        /s/ Sarah Aiman Belger
Sarah Aiman Belger (VSB No. 67947)
*Counsel for Defendant*
**McGuireWoods LLP**
1750 Tysons Boulevard, Suite 1800
Tysons, Virginia  22102-4215
Telephone:  (703) 712-5350
Facsimile:  (703) 712-5299
Email:  sbelger@mcguirewoods.com