**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **TIM P. BRUNDLE, on behalf of the Constellis Employee Stock Ownership Plan,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**WILMINGTON TRUST, N.A., as successor to Wilmington Trust Retirement and Institutional Services Company,** )<br>)<br>**Defendant.** )<br>_____) | ) Case No. 1:15CV1494-LMB-IDD |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION
TO SEAL EXHIBITS TO ITS MOTION FOR SUMMARY JUDGMENT**

Defendant Wilmington Trust, N.A. ("Wilmington" or "Defendant"), by counsel and pursuant to Local Civil Rule 5, submits this Memorandum in Support of Motion to Seal Exhibits to Its Motion for Summary Judgment (the "Sealing Motion").

**I.    INTRODUCTION**

Plaintiff filed a one-count Third Amended Complaint ("Complaint"), alleging Wilmington engaged in a prohibited transaction forbidden by §§ 406(a)-(b) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1106(a)-(b). The Complaint challenges a transaction in which Constellis Group, Inc.'s ("Constellis," or the "Company") Employee Stock Ownership Plan ("the ESOP") purchased the stock of Constellis (the "ESOP Transaction") in December 2013.

In support of its Motion for Summary Judgment, Wilmington has submitted numerous documents containing the confidential and proprietary business information of a nonparty, Constellis. Many of these documents were subpoenaed from non-parties, and all of these

documents were designated as confidential under the Protective Order entered by this Court. This information was so designated because it reveals sensitive information about Constellis' business, its financial outlook, its cash/debt ratio, its pricing and margins, information about pending lawsuits against the Company, information about the major government contracts it is involved in, and the potential effect of those contracts on its financial health and business growth. Revealing this information would allow Constellis' competitors to have an unfair competitive advantage. To preserve the confidentiality of this information, Wilmington now moves for an order sealing these documents.

## II. ARGUMENT

In *Ashcraft v. Conoco, Inc.*, the Fourth Circuit set forth procedures that district courts must follow before sealing court documents. *See* 218 F.3d 288, 302 (4th Cir. 2000). Under *Ashcraft*, before a district court may seal court documents, it must:

(1) Give public notice of the request to seal and allow interested parties a reasonable opportunity to object;

(2) Consider less drastic alternatives to sealing the documents; and

(3) Provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*See id*. Overall, a "trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

Under the Local Rules of this Court, a memorandum in support of a motion to seal must provide:

(1) A non-confidential description of what material has been filed under seal; (2) A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request; (3) References to governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied; and (4)

2

> Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and as to how the matter is to be handled upon unsealing.

E.D. Va. Local Civ. Rule 5(C). Although motions for summary judgment and their supporting materials receive heightened protection because they adjudicate substantive rights and serve as a substitute for trial, *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252-53 (4th Cir. 1988), courts in this circuit have occasionally permitted the sealing of exhibits used in conjunction with summary judgment motions. *See, e.g.*, *Gen. Ins. Co. of Am. v. Walter E. Campbell Co.*, 107 F. Supp. 3d 466, 467 n.2 (D. Md. 2015) (finding good cause to seal materials offered in support of motion for partial summary judgment because they "implicate the attorney client privilege or contain confidential and proprietary business information"). The case at bar presents one of the unusual cases where sealing is appropriate.

      The court should seal certain exhibits submitted in support of Defendant's Motion for Summary Judgment because they would reveal the confidential and proprietary business information of a <u>non-party</u> to this lawsuit. The information at issue includes financial records, strategy, projections through the year 2018, market analysis, sensitive, non-public information about lawsuits faced by the Company, and other information critical to the success of non-party Constellis, including information related to its largest contracts which form the basis of future contracts expected to be rebid in the near future. Wilmington also seeks to file under seal redacted portions of its Memorandum in Support of Its Motion for Summary Judgment which describes the financial worth and value of non-party Constellis. While this information is critical to the Court's analysis of the right to summary judgment, it is not necessary to reveal this information to protect the public's right of access.

      The dispute at issue in this case is whether Wilmington, as the Trustee for the ESOP, caused the ESOP to engage in a prohibited transaction. Although the public has the right to monitor the

functioning of the courts and the integrity of the judiciary, it is not necessary to reveal the confidential and proprietary data of third-party Constellis in order to achieve this end. Rather, revealing the information would have the effect of disclosing the innermost details of this closely held entity to its competitors, vendors, and customers without shining any light on whether the transaction was prohibited or not. Rather, all the information critical to this question can be obtained from the parties' publicly-filed briefs.

A description of the documents Wilmington moves to seal illustrates why sealing is necessary and appropriate. This case heavily deals with the actions of Wilmington as the Trustee of the ESOP, Taylor English Duma LLP ("Taylor English"), the legal advisor for Wilmington, and Stout Risius Ross ("SRR"), the financial advisor Wilmington hired to perform a valuation of Constellis and help negotiate the ESOP transaction. SRR performed an Analysis of Transaction Fairness for the ESOP transaction and for the later sale of the Company in July 2014. Similarly, Taylor English was heavily involved in auditing the Company, performing due diligence, and providing legal advice to Wilmington about the 2013 ESOP transaction and the 2014 sale transaction. These analyses, and emails describing them, discuss details about Constellis' cash on hand, debt and financing, financial projections through 2018, its margins, estimates about the likelihood it would win certain contracts and rebids (several of which are ongoing), the Company's strategy for growth, pending litigation against the Company, and an analysis of the Company's financial health in comparison to other government contractors with a similar customer base. (See Dep. Exs. 2 and 13 to Def.'s Mem. in Support of its Mot. for Summ. J.) Moreover, each of the parties have retained an expert, who provide detailed reports that analyze this information. (See Dep. Ex. 24 to Def.'s Mem. in Support of its Mot. for Summ. J.) These documents, along with the emails and portions of Wilmington's Memorandum in Support of Motion for Summary Judgment

discussing Constellis' finances and the transaction documents, provide a blue print for a competitor to undercut Constellis' business and should be sealed.

Wilmington is filing herewith the public notice required by case law and Local Civil Rule 5, has set forth above a non-confidential description of the documents at issue, and is seeking now to file the redacted portions of its Memorandum in Support of Motion for Summary Judgment and the documents listed on Exhibit A hereto (certain exhibits submitted in support of its Motion for Summary Judgment) under seal. The Court should exercise its authority to prevent disclosure of this confidential information, the disclosure of which would reveal sensitive financial information of a non-party. *See generally Level 3 Communs., LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 581 (E.D. Va. 2009) (recognizing the privacy interests of third parties and citing cases). Moreover, as many of these exhibits provide detailed financial information about the health of Constellis and its financial projections through 2018, public disclosure of this information could give its competitors an unfair competitive advantage. *See* Fed. R. Civ. P. 26(c)(1)(G); *Robbins v. Tripp*, 510 B.R. 61, 67 (E.D. Va. 2014) (ordering information sealed when it could give competitors an unfair advantage). Wilmington has limited the amount of material that needs to be sealed to only those items necessary to support its Motion for Summary Judgment which cannot be revealed without damage to Constellis. Thus, this request is narrowly tailored. Accordingly, this Court should grant this Motion to Seal certain exhibits submitted in support of Wilmington's Motion for Summary Judgment.

### III.   CONCLUSION

For the foregoing reasons, Wilmington respectfully requests that the Court (i) grant its Sealing Motion, (ii) enter an order sealing the redacted portions of its Memorandum in Support of Its Motion for Summary Judgment and the exhibits submitted in support of Wilmington's

Motion for Summary Judgment listed on Exhibit A from public disclosure, and (iii) grant such further relief as the Court deems just and proper.

Date: August 23, 2016　　　　　　　　　Respectfully submitted,

**WILMINGTON TRUST, N.A.**

　　　/s/ Sarah Aiman Belger　　　
Sarah Aiman Belger (VSB No. 67947)
**McGuireWoods LLP**
1750 Tysons Boulevard, Suite 1800
Tysons, Virginia 22102-4215
Telephone: (703) 712-5350
Facsimile: (703) 712-5299
sbelger@mcguirewoods.com

James P. McElligott, Jr. (VSB No. 14109)
Summer L. Speight (VSB No. 80957)
**McGuireWoods LLP**
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
Telephone: (804) 775-1000
Facsimile: (804) 775-1061
jmcelligott@mcguirewoods.com
sspeight@mcguirewoods.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of August 2016, I electronically filed a copy of the foregoing with the Clerk of Court using the Court's CM/ECF System which will send notification of such filing to all registered filers.

Gregory Y. Porter (VSB No. 40408)
Ryan T. Jenny
  (admitted *pro hac vice*)
Patrick Owen Muench
  (admitted *pro hac vice*)
*Counsel for Plaintiff*
**Bailey & Glasser, LLP**
1054 31st Street, N.W., Suite 230
Washington, D.C. 20007
Telephone: 202-463-2101
Facsimile: 202-463-2103
Email: gporter@baileyglasser.com
rjenny@baileyglasser.com
pmuench@baileyglasser.com

Athanasios Basdekis (VSB No. 50913)
Brian Alexander Glasser
  (admitted *pro hac vice*)
*Counsel for Plaintiff*
**Bailey & Glasser, LLP**
209 Capitol Street
Charleston, WV 25301
Telephone: 304-345-6555
Facsimile: 304-342-1110
Email: bglasser@baileyglasser.com
tbasdekis@baileyglasser.com

    /s/ Sarah Aiman Belger
Sarah Aiman Belger (VSB No. 67947)
*Counsel for Defendant*
**McGuireWoods LLP**
1750 Tysons Boulevard, Suite 1800
Tysons, Virginia 22102-4215
Telephone: (703) 712-5350
Facsimile: (703) 712-5299
sbelger@mcguirewoods.com