**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **TIM P. BRUNDLE, on behalf of the Constellis Employee Stock Ownership Plan,** | ) )  ) |
| **Plaintiff,** | ) ) |
| **v.** | ) **Case No.  1:15CV1494-LMB-IDD** |
| | ) |
| **WILMINGTON TRUST, N.A., as successor to Wilmington Trust Retirement and Institutional Services Company,** | ) ) ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
TO FILE DOCUMENTS UNDER SEAL PROVISIONALLY**

Defendant Wilmington Trust, N.A. ("Wilmington" or "Defendant"), by counsel and pursuant to Local Civil Rule 5(c), submits this Response to Plaintiff's Motion to File Documents Under Seal Provisionally (the "Sealing Motion").

## I.    INTRODUCTION

Plaintiff filed a one-count Third Amended Complaint ("Complaint"), alleging Wilmington engaged in a prohibited transaction forbidden by §§ 406(a)-(b) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1106(a)-(b).  The Complaint challenges a transaction in which Constellis Group, Inc.'s ("Constellis," or the "Company") Employee Stock Ownership Plan ("the ESOP") purchased the stock of Constellis (the "ESOP Transaction") in December 2013.

Plaintiff has moved for summary judgment on his claim.  In support of his motion for summary judgment, Plaintiff has submitted numerous documents containing the confidential and proprietary business information of a non-party, Constellis.  These documents were designated as

confidential under the Protective Order entered by this Court.   This information was so designated because it reveals sensitive information about Constellis' business, its financial outlook, its cash/debt ratio, its pricing and margins, information about pending lawsuits against the Company, information about the major government contracts it is involved in, and the potential effect of those contracts on its financial health and business growth.   Revealing this information would allow Constellis' competitors to have an unfair competitive advantage.   To preserve the confidentiality of this information, Wilmington now files this Response seeking an order permanently sealing these documents.

## II.      ARGUMENT

In *Ashcraft v. Conoco, Inc.*, the Fourth Circuit set forth procedures that district courts must follow before sealing court documents.  *See* 218 F.3d 288, 302 (4th Cir. 2000).  Under *Ashcraft*, before a district court may seal court documents, it must:

(1)      Give public notice of the request to seal and allow interested parties a reasonable opportunity to object;

(2)      Consider less drastic alternatives to sealing the documents; and

(3)      Provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*See id*.  Overall, a "trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

Under the Local Rules of this Court, a memorandum in support of a motion to seal must provide:

(1) A non-confidential description of what material has been filed under seal; (2) A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request; (3) References to governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied; and (4)

> Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and as to how the matter is to be handled upon unsealing.

E.D. Va. Local Civ. Rule 5(C).   Although motions for summary judgment and their supporting materials receive heightened protection because they adjudicate substantive rights and serve as a substitute for trial, *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252-53 (4th Cir. 1988), courts in this circuit have occasionally permitted the sealing of exhibits used in conjunction with summary judgment motions.  *See, e.g.*, *Gen. Ins. Co. of Am. v. Walter E. Campbell Co.*, 107 F. Supp. 3d 466, 467 n.2 (D. Md. 2015) (finding good cause to seal materials offered in support of motion for partial summary judgment because they "implicate the attorney client privilege or contain confidential and proprietary business information").   The case at bar presents one of the unusual cases where sealing is appropriate.

Plaintiff has provisionally filed the following documents under seal, as exhibits to the Eighth Declaration of Gregory Y. Porter ("Porter Declaration"):

- Trustee Engagement Agreement-Trustee with Transaction, by and between Constellis Group, Inc. and Wilmington Trust Retirement and Institutional Services Company (Exhibit E), dated October 25, 2013;

- The Wilmington Trust Retirement and Institutional Services Company ESOP Fee Schedule for the Constellis Group, Inc. Employee Stock Ownership Plan (Exhibit F), dated December 20, 2013;

- Engagement Agreement – Transaction by and between Wilmington Trust Retirement and Institutional Services Company and Constellis Group, Inc. (Exhibit G), dated March 25, 2014;

- Stock Purchase Agreement Among Constellis Employee Stock Ownership Trust, as Buyer, and Thomas E. Katis, Matthew R. Mann, Howard A. Acheson Trust, John O. Peters And Their Related Trusts And Limited Liability Companies as Sellers, and Constellis Group, Inc. (Exhibit H), dated December 20, 2013;

- ESOP-Seller Loan and Pledge Agreement by and between Constellis Group, Inc., Wilmington Trust Retirement and Institutional Services Company as trustee of the ESOP, and the Lenders (Thomas E. Katis, Katis Main Trust, Matthew Mann, WD Investments, LLC, William W. Mann Remainder Trust, David A. Mann Remainder

Trust, Siblings Remainder Trust, John O. Peters, John P. Balfe as Trustee of two Voting Trust Agreements, and Howard A. Acheson Trust) (Exhibit I), dated December 20, 2013;

- ESOP-Company Loan and Pledge Agreement by and between Constellis Group, Inc. and Wilmington Trust Retirement and Institutional Services Company as trustee of the ESOP (Exhibit J), dated December 20, 2013;

- The Constellis Group, Inc. Analysis of Transaction Fairness document created by Stout Risius Ross (Exhibit K), dated December 20, 2013; and

- Confidential Informational Memorandum created by CSG Partners (Exhibit L), dated October 2013.

Two of these documents have already been publicly filed in this case, as exhibits to Defendant's Memorandum in Support of its Motion for Summary Judgment (Dkt. No. 163), and can be filed publicly. Those documents are:

- Trustee Engagement Agreement-Trustee with Transaction, by and between Constellis Group, Inc. and Wilmington Trust Retirement and Institutional Services Company (Exhibit E), dated October 25, 2013; and

- Engagement Agreement – Transaction by and between Wilmington Trust Retirement and Institutional Services Company and Constellis Group, Inc. (Exhibit G), dated March 25, 2014.

The remainder of these documents were properly designated confidential pursuant to the Agreed Protective Order (Dkt. No. 47) in this action, and should remain under seal permanently.

The Court should seal these documents because they would otherwise reveal the confidential and proprietary business information of a non-party to this lawsuit. For example, the Confidential Informational Memorandum created by CSG Partners is an 82-page Confidential Informational Memorandum prepared by Constellis' financial advisor in relation to the ESOP Transaction. The document includes financial records, strategy, projections through the year 2018, market analysis, sensitive, non-public information about lawsuits faced by the Company, and other information critical to the success of non-party Constellis, including information related to its largest contracts which form the basis of future contracts expected to be rebid in the near future.

4

Another document, The Constellis Group, Inc. Analysis of Transaction Fairness document created by Stout Risius Ross, is a 129-page document containing detailed analysis of Constellis' financial records, performance, strategy, and business outlook.  It attaches as exhibits detailed financial reports, which include projections going out to 2018.  While this information is relevant to the Court's analysis of Plaintiff's motion for summary judgment, it is not necessary to reveal this information to protect the public's right of access.

Although the public has the right to monitor the functioning of the courts and the integrity of the judiciary, it is not necessary to reveal the confidential and proprietary data of third-party Constellis in order to achieve this end.  Rather, revealing the information would have the effect of disclosing the innermost details of this closely held entity to its competitors, vendors, and customers without shining any light on whether Plaintiff is entitled to summary judgment.  Rather, all the information critical to this question can be obtained from the parties' publicly-filed briefs.

Plaintiff has already filed the public notice required by case law and Local Civil Rule 5. (Dkt. No. 160.)  Wilmington has now set forth above a non-confidential description of the documents at issue, and is seeking an order maintaining the identified documents under seal.  The Court should exercise its authority to prevent disclosure of this confidential information, the disclosure of which would reveal sensitive financial information of a non-party.  *See generally Level 3 Communs., LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 581 (E.D. Va. 2009) (recognizing the privacy interests of third parties and citing cases).  Moreover, as the information sought to be sealed provides detailed financial information about the health of Constellis and its financial projections through 2018, public disclosure of this information could give its competitors an unfair competitive advantage.  *See* Fed. R. Civ. P. 26(c)(1)(G); *Robbins v. Tripp*, 510 B.R. 61, 67 (E.D. Va. 2014) (ordering information sealed when it could give competitors an unfair advantage).

Wilmington has limited the amount of material that needs to be sealed to only those items which cannot be revealed without damage to Constellis. Thus, this request is narrowly tailored. Accordingly, this Court should enter an order permanently sealing the documents from public disclosure.

### III.   CONCLUSION

For the foregoing reasons, Wilmington respectfully requests that the Court enter an order permanently sealing the identified documents from public disclosure, and grant such further relief as the Court deems just and proper.

Date:  September 9, 2016                    Respectfully submitted,

**WILMINGTON TRUST, N.A.**


                                  /s/ Summer L. Speight
                        Sarah Aiman Belger (VSB No. 67947)
                        John E. Thomas, Jr. (VSB No. 81013)
                        *Counsel for Defendant*
                        **McGuireWoods LLP**
                        1750 Tysons Boulevard, Suite 1800
                        Tysons, Virginia  22102-4215
                        Telephone:  (703) 712-5350
                        Facsimile:  (703) 712-5299

                        James P. McElligott, Jr. (VSB No. 14109)
                        *Counsel for Defendant*
                        **McGuireWoods LLP**
                        Gateway Plaza
                        800 East Canal Street
                        Richmond, VA  23219-3916
                        Telephone:  804-775-4329
                        Facsimile:  804-698-2111
                        Email:  jmcelligott@mcguirewoods.com

                        Summer L. Speight (VSB No. 80957)
                        *Counsel for Defendant*
                        **McGuireWoods LLP**
                        Gateway Plaza
                        800 East Canal Street

Richmond, VA  23219-3916
Telephone:  804.775-1839
Facsimile:  804-698-2128
Email:  sspeight@mcguirewoods.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of September 2016, I electronically filed a copy of the foregoing with the Clerk of Court using the Court's CM/ECF System which will send notification of such filing to all registered filers.   I further certify that a true copy of the foregoing has been served via electronic mail upon the following:

Gregory Y. Porter (VSB No. 40408)
Ryan T. Jenny
  (admitted *pro hac vice*)
Patrick Owen Muench
  (admitted *pro hac vice*)
*Counsel for Plaintiff*
**Bailey & Glasser, LLP**
1054 31st Street, N.W., Suite 230
Washington, D.C.  20007
Telephone:  202-463-2101
Facsimile:  202-463-2103
Email:  gporter@baileyglasser.com
rjenny@baileyglasser.com
pmuench@baileyglasser.com

Athanasios Basdekis (VSB No. 50913)
Brian Alexander Glasser
  (admitted *pro hac vice*)
*Counsel for Plaintiff*
**Bailey & Glasser, LLP**
209 Capitol Street
Charleston, WV  25301
Telephone:  304-345-6555
Facsimile:  304-342-1110
Email:  bglasser@baileyglasser.com
tbasdekis@baileyglasser.com

        /s/ Summer L. Speight
Summer L. Speight (VSB No. 80957)
*Counsel for Defendant*
**McGuireWoods LLP**
Gateway Plaza
800 East Canal Street
Richmond, VA  23219-3916
Telephone:  804.775-1839
Facsimile:  804-698-2128
Email:  sspeight@mcguirewoods.com