IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **TIM P. BRUNDLE, on behalf of the Constellis Employee Stock Ownership Plan,**<br><br>**Plaintiff,**<br><br>v.<br><br>**WILMINGTON TRUST, N.A., as successor to WILMINGTON TRUST RETIREMENT AND INSTITUTIONAL SERVICES COMPANY,**<br><br>**Defendant.** | **Civil Action No. 1:15-cv-1494 (LMB/IDD)** |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO SEAL EXHIBITS
TO ITS MOTION FOR SUMMARY JUDGMENT**

Plaintiff Tim P. Brundle, by counsel, submits this memorandum in opposition to Defendant's Motion to Seal Exhibits to its Motion for Summary Judgment (Dkt. 165). Wilmington has not met its burdens under Local Civil Rule 5 and the governing case law. Its motion does not describe how the sealing standard is met for each of the 93 sealed filings, and its conclusory argument to conceal these dissimilar documents as a group plainly violates the requirements of Local Civil Rule 5 and the Rule 16(B) Scheduling Order. Its claim that all the documents contain similar protectable information is belied by a cursory examination.

Wilmington also has not given justification sufficient under Fourth Circuit precedent to override the rigorous First Amendment presumption of public access to summary judgment filings, much less the common law right of access to judicial records and documents. The more than 1000 non-party participants and beneficiaries in the Plan have a further insurmountable

interest in access due to the nature of this ERISA § 502(a)(2) action seeking relief to the Plan as a whole. Their interest is accentuated because Fed. R. Civ. P. 23 protections were not extended to them in this case. For these reasons and those set forth below, the Court should deny Wilmington's motion to seal.

## LOCAL CIVIL RULE 5(C) AND THE SCHEDULING ORDER

In this Court, "Motions to file documents under seal are disfavored and discouraged." Local Civil Rule 5(C); *accord* Rule 16(B) Scheduling Order (Dkt. 19) ¶ 8 (citing *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575-76 (4th Cir. 2004)). A proponent of a motion to seal must provide:

> (1) A non-confidential description of what material has been filed under seal;
>
> (2) A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request;
>
> (3) References to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied;
>
> (4) Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing.

Local Civil Rule 5(C). As the Scheduling Order provides, "Only the particular material found to meet the required standard may be sealed, with the remainder filed in the public record." Rule 16(B) Scheduling Order ¶ 8.

## THE GOVERNING CASE LAW

The public has rights to access documents and materials filed in a district court that derive from both the common law and the First Amendment. *See Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The common law presumption of access

attaches to all judicial records and documents, while the First Amendment right attaches only to particular records and documents, including all those filed in connection with a summary judgment motion in a civil case. *See id.* at 575-76; *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252-53 (4th Cir. 1988). The First Amendment provides greater "substantive protection to the interests of the press and the public" than does the common law, and protects access to filed documents that "play a role in the adjudicative process, or adjudicate substantive rights," such as summary judgment filings. *In re Application of U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013) (citations omitted); *see also Rushford*, 846 F.2d at 252-53 (explaining, "if the case had gone to trial and the documents were thereby submitted to the court as evidence, such documents would have been revealed to the public and not protected. Because summary judgment adjudicates substantive rights and serves as a substitute for a trial, we fail to see the difference between a trial and the situation before us now").

 The common law presumption of access can be rebutted if countervailing interests heavily outweigh the public interests in access; the party seeking to overcome the presumption bears the burden of showing a significant interest outweighing the presumption. *See Virginia Dep't of State Police*, 386 F.3d at 575; *Rushford*, 846 F.2d at 253. When a court determines that a particular document sought to be sealed is subject to the First Amendment's presumptive right of access, the court must weigh the competing interests much as it does in connection with the common law right. *See Virginia Dep't of State Police*, 386 F.3d at 576. But where the First Amendment right is implicated, an even more "rigorous" standard applies. *Rushford*, 846 F.2d at 253. The First Amendment "presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values." *Press–Enterprise*

3

*Co. v. Superior Ct. of Cal., Riverside County*, 464 U.S. 501, 510 (1984). The First Amendment right of access "'cannot be overcome by [a] conclusory assertion,'" and a party seeking to overcome the First Amendment "must present specific reasons in support of its position." *Virginia Dep't of State Police*, 386 F.3d at 575 (quoting *Press–Enterprise Co. v. Superior Court*, 478 U.S. 1, 15 (1986)) (brackets in original).

## ARGUMENT

The Court should deny Wilmington's motion to seal, which does not meet Local Civil Rule 5 and the governing case law for the following reasons:

1. Wilmington's lumping of 93 documents with a blanket justification for sealing is insufficient. Under the applicable Local Rule, for each document Wilmington was required to provide "an analysis of the appropriate standard to be applied *for that specific filing*, and a *description of how that standard has been satisfied*." Local Civil Rule 5(C) (emphasis added). The Scheduling Order similarly requires individualized specificity by document, as it provides that "[o]nly the particular material found to meet the required standard may be sealed, with the remainder filed in the public record." Rule 16(B) Scheduling Order ¶ 8. The motion does not meet these threshold requirements.

2. Wilmington's assertion that all of the documents contain "confidential and proprietary business information" about non-party Constellis is false. Def. Mem. (Dkt. 166) at 1. The first documents on each of the first two pages of Wilmington's "List of Confidential Documents Filed Under Seal" (Dkt. 166-1) are typical examples disproving its assertion. The document called "Letter from D. Summers to G. Golden re Taylor English representation (10-15-2013)" (DTX No. 24) is an executed letter contract from the law firm of Taylor English Duma to Wilmington concerning services the firm would provide for Wilmington and its fees. The letter

4

contains no "confidential and proprietary business information" of Constellis, contrary to Wilmington's claim. The document called "Email Chain from T. Ma to K. Bonn et al re Constellis Term Sheet & Attachment (11-13-2013)" (DTX No. 45) is an email from CGS Partners to Wilmington and Taylor English attaching a term sheet for the ESOP transaction. This document relates to the stock transaction upon which the Plan was founded, and contains no "confidential and proprietary business information" of Constellis. Contrary to Wilmington's argument, to allow public access to these and other documents would not "allow Constellis' competitors to have an unfair competitive advantage." Def. Mem. at 2. The fact of the matter is that nearly all of the documents Plaintiff has received in response to subpoenas and document requests were stamped "Confidential" without regard to whether they met the standard under the Protective Order; that is no basis for Wilmington to now insist upon sealing in contravention of Constitutional and common law rights to access. Wilmington's blanket justification for the sealing of the 93 documents does not withstand scrutiny.

3.      Wilmington also has not demonstrated that any financial information contained in a proffered document is currently sensitive. The documents were generated in connection with a transaction that took place nearly three years ago, in December 2013. The information is stale. While Wilmington theorizes a competitor may derive some competitive advantage from these old documents, it has admitted that ACADEMI, "a major Constellis competitor," already purchased Constellis in July 2014. Def. SOF ¶¶ 33, 37 (Dkt. 163). The succeeding Constellis Holdings was a bigger company with different financials. There is no valid reason to conceal the redacted historical "financial worth and value of non-party Constellis" (Def. Mem. at 3) contained in Defendant's summary judgment memorandum, or like exhibits. Furthermore, certain inside financial information has become known to competitors and the public since 2013,

particularly as the owners sought to sell the company in 2016. *See*, *e.g.*, http://www.reuters.com/article/us-constellis-m-a-idUSKCN0YR105 (reporting, *inter alia*, company EBITDA and anticipated value). Wilmington's conclusory arguments cannot carry its motion. *See Virginia Dep't of State Police*, 386 F.3d at 575.

    4.    Should the Court advance to the weighing of interests, it should hold that the interests of the public, and particularly Plan participants and beneficiaries, to access the summary judgment filings outweigh any interest Wilmington is claiming Constellis has in closure. The public has a constitutionally protected interest in district court filings that "play a role in the adjudicative process, or adjudicate substantive rights." *See In re Application of U.S.*, 707 F.3d at 290. That interest is not trumped by Constellis' interest in privacy, which is hardly exceptional as corporate information is discussed openly in trials every day and is routinely made accessible to the public in summary judgment filings. Wilmington itself admits that sealing would be "unusual" on the present Rule 56 procedural posture. Def. Mem. at 3.

    Furthermore, the Plan's non-party participants and beneficiaries have a particular interest in access because Plaintiff's action is brought under ERISA § 502(a)(2) seeking the recovery of losses to the Plan, and thus *to the individual accounts of every plan participant*, caused by Wilmington's breaches of ERISA. 29 U.S.C. § 1132(a)(2); *see also* 29 U.S.C. § 1109 (a plan fiduciary "who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach"). Non-party participants' interest in the status and facts of this case are accentuated because Rule 23 protections were not extended to them, as the motion for certification of a class (Dkt. 54) was denied. *See Coan v. Kaufman*, 457 F.3d 250, 259-61 (2d Cir. 2006) (observing that "the representative nature of the section 502(a)(2) right of

6

action implies that plan participants must employ procedures to protect effectively the interests they purport to represent," such as class certification).

Wilmington's argument that the financials are irrelevant to non-party participants because they do not "shin[e] any light on whether the transaction was prohibited" is mistaken. Def. Mem. at 4. As shown in Plaintiff's accompanying memorandum in opposition to Defendant's summary judgment motion, such information is highly relevant to the ERISA § 408(e) affirmative defense. It touches on whether the Plan paid more than fair market value for Constellis stock and whether Wilmington paid the statutorily-mandated attention to the investigation, methodology and conclusions of valuation firm Stout Risius Ross. The parties' experts have focused on such information for this reason, and the redacted publicly-filed briefs are not sufficient to provide non-parties notice of such pivotal information.

5.    Constellis has not filed a memorandum supporting Wilmington's motion to seal and attempting to cure its deficiencies.[1] Nor has Constellis filed a memorandum opposing Plaintiff's recent motion (Dkt. 149-150) advocating the unsealing of summary judgment filings after a provisional sealing. While Wilmington claims to be advancing Constellis' interests, it is notable that Constellis chose not to assist it. Wilmington's claim should be treated skeptically, as Constellis has not only business interests but also interests as a Plan fiduciary that are aligned with Plaintiff and the other participants and beneficiaries. *See* Stipulation ¶ 6 (Dkt. 139) (stipulating to Constellis' ERISA fiduciary status). For example, Constellis bears fiduciary duties to act in the interests of participants and beneficiaries, to disclose, and to protect Plan assets from misuse by other fiduciaries. ERISA §§ 404(a), 405, 29 U.S.C. §§ 1104(a), 1105.

---

[1] Both Wilmington and Plaintiff filed the required notices inviting non-parties to file memoranda supporting or opposing the motions to seal within seven days. *See* Dkt. 160, 168; Local Civil Rule 5(B), 5(C).

## **CONCLUSION**

For the foregoing reasons, Wilmington's motion to seal should be denied.

Dated: September 9, 2016  Respectfully submitted,

BAILEY & GLASSER LLP

/s/ Gregory Y. Porter
Gregory Y. Porter (VSB No. 40408)
Ryan T. Jenny (*pro hac vice*)
Patrick O. Muench (*pro hac vice*)
1054 31st Street, NW, Suite 230
Washington, DC 20007
Telephone: (202) 463-2101
Facsimile: (202) 463-2103
gporter@baileyglasser.com
rjenny@baileyglasser.com
pmuench@baileyglasser.com

Brian A. Glasser (*pro hac vice*)
Thanos Basdekis (VSB No. 50913)
209 Capitol Street
Charleston, WV 25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110
bglasser@baileyglasser.com
tbasdekis@baileyglasser.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of September 2016, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send such notification to the following:

James P. McElligott, Jr.
Sarah Aiman Belger
Summer L. Speight
McGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
Tysons Corner, Virginia 22102-4215
Telephone: (703) 712-5350
Facsimile: (703) 712-5299
jmcelligott@mcguirewoods.com
sbelger@mcguirewoods.com
sspeight@mcguirewoods.com
*Counsel for Defendant*

<u>s/ Gregory Y. Porter</u>
Gregory Y. Porter (VSB No. 40408)
BAILEY & GLASSER LLP
1054 31st Street, NW, Suite 230
Washington, DC 20007
Telephone: (202) 463-2101
Facsimile: (202) 463-2103
gporter@baileyglasser.com

*Attorney for Plaintiff*