**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **TIM P. BRUNDLE, on behalf of the Constellis Employee Stock Ownership Plan,** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) Case No. 1:15CV1494-LMB-IDD ) |
| **WILMINGTON TRUST, N.A., as successor to Wilmington Trust Retirement and Institutional Services Company,** | ) ) ) ) |
| **Defendant.** | ) ) ) |

**DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO SEAL REDACTED PORTIONS OF ITS MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant Wilmington Trust, N.A. ("Wilmington" or "Defendant"), by counsel and pursuant to Local Civil Rule 5(c), submits this Reply in Support of Defendant's Motion to Seal Redacted Portions of Its Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment (the "Sealing Motion") (Dkt. No. 189).

## I. INTRODUCTION

Plaintiff filed a one-count Third Amended Complaint ("Complaint"), alleging Wilmington engaged in a prohibited transaction forbidden by §§ 406(a)–(b) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1106(a)–(b). The Complaint challenges a transaction in which Constellis Group, Inc.'s ("Constellis," or the "Company") Employee Stock Ownership Plan ("the ESOP") purchased the stock of Constellis (the "ESOP Transaction") in December 2013.

Plaintiff moved for partial summary judgment on August 22, 2013. (Dkt. No. 145.) Defendant filed its opposition to Plaintiff's Motion for Partial Summary Judgment on September 9, 2016 (Dkt. No. 194), certain portions of which were filed under seal (Dkt. No. 191). Pursuant to Local Civil Rule 5, Defendant filed the Sealing Motion (Dkt. No. 189) and Memorandum of Law in Support of the Sealing Motion (Dkt. No. 190). On September 16, 2016, Plaintiff filed an Opposition to Defendant's Sealing Motion. (Dkt. No. 222.)

For the reasons set forth below and at oral argument, Defendant re-asserts that the unredacted opposition to Plaintiff's Motion for Partial Summary Judgment should remain under seal permanently.

## II.   ARGUMENT

As addressed in Defendant's Sealing Motion and Memorandum of Law in Support, the redacted portions of its Opposition to Plaintiff's Motion for Partial Summary Judgment should be sealed because they describe the financial worth and value of non-party Constellis. As previously articulated, making this information public would give Constellis' competitors an unfair competitive advantage and would vitiate the extensive efforts Constellis (a non-party) has taken to maintain the information's confidentiality. The public's interest in monitoring the Court does not trump this closely held non-party's right to maintain in confidence its sensitive financial data.

In his opposition to the Sealing Motion, Plaintiff fails to make any substantive arguments against sealing and instead refers the Court to two other filings from Plaintiff related to other sealing motions (Dkt. Nos. 203, 223). In these separate briefs, Plaintiff first contends that Defendant has requested a "blanket" sealing provision and has shirked its duty to undertake an individualized assessment of the information in question. Contrary to Plaintiff's arguments,

Defendant carefully scrutinized its 30-page opposition brief, making approximately 15 careful redactions (none of which were large-scale redactions). The publicly-filed redacted brief demonstrates that Wilmington redacted only financial information related to Constellis, including a range of enterprise value, a range of fair market value, price negotiations on the per share offer, the final sales price of the December 2013 and July 2014 transactions, the amount of charges resulting from the DCAA audit, and the amount of loans, cash contribution, and promissory notes involved in the December 2013 transaction, all financial information not generally known to the public. Constellis—a non-party to this lawsuit—has an overwhelming interest in keeping its private financial affairs private. Notably, Plaintiff's filings at Dkt. Nos. 203 and 223 take no issue with Wilmington's redactions of similar information from other briefing.

    Plaintiff's prior briefs attempt to argue that this financial information is stale. As an initial matter, the financial information at issue is not stale, and Constellis absolutely maintains the confidentiality of its financial information that is two or three years old because any information of that sort is a data point that competitors can use to gain an unfair competitive advantage. Plaintiff offers no support for his argument that financial information deserves publicity merely because it was current two years prior to Plaintiff's filing of this lawsuit. Plaintiff's argument that the information is "stale" whitewashes the fact that financial information for every company is constantly changing and is never "current" by the time 24 hours has passed. Finally, Plaintiff's argument that the information is stale defeats his own rationale that the public has a right to access the information. Constellis' interest in keeping its private financial information confidential—regardless of how old it is—trumps whatever slight interest may exist in the public accessing "stale" financial information.

Plaintiff also argues in other briefing that this financial information should be revealed to the public because it is highly relevant to "whether the Plan paid more than fair market value for Constellis stock and whether Wilmington paid the statutorily-mandated attention to the investigation, methodology and conclusions of valuation firm Stout Risius Ross." (Dkt. No. 203, at 7.) The specific financial figures at issue do not need to be revealed for the public to assess these issues. As an initial matter, the per share value paid by the ESOP is a matter of public record, as are the steps Wilmington took to engage in a good faith and prudent valuation process. Regardless, the redactions in Wilmington's opposition brief are minimal, and the public can easily ascertain from the redacted brief that: (1) the per share value paid by the ESOP was within the range of fair market value approved by Wilmington; and (2) the range of enterprise value recommended by Stout Risius Ross for the December 2013 transaction was relatively close to the enterprise value in the July 2014 transaction. Thus, the redacted brief is sufficient to provide the public notice of relevant information without disclosing Constellis' confidential financial information.

Plaintiff also ignores the fact that the redacted information filed under seal belongs to a non-party. Unlike Plaintiff, who chose this public federal forum, or Defendant who can control the course of the litigation, Constellis as a third party is at the mercy of the Court in keeping its information private. Plaintiff merely asserts that "Plan participants and beneficiaries" have an interest in accessing the summary judgment filings. Plaintiff, of course, is not seeking limited disclosure only to certain plan participants and beneficiaries, whose legal interest in accessing such documents is no greater than the general public's. To the contrary, Plaintiff is asking for this information to be made publicly available to every person, competitor, and media outlet with an Internet connection. The Court can assess briefing on Plaintiff's Motion for Partial Summary

Judgment and adequately explain its rationale without unnecessarily divulging Constellis' financial data.

### III. CONCLUSION

For the foregoing reasons, Wilmington respectfully requests that the Court enter an order permanently sealing its unredacted opposition brief from public disclosure, and grant such further relief as the Court deems just and proper.

          **WILMINGTON TRUST, N.A.**

          /s/ Sarah Aiman Belger
Sarah Aiman Belger (VSB No. 67947)
John E. Thomas, Jr. (VSB No. 81013)
*Counsel for Defendant*
**McGuireWoods LLP**
1750 Tysons Boulevard, Suite 1800
Tysons, Virginia 22102-4215
Telephone: (703) 712-5350
Facsimile: (703) 712-5299
sbelger@mcguirewoods.com
jthomas@mcguirewoods.com

James P. McElligott, Jr. (VSB No. 14109)
Summer L. Speight (VSB No. 80957)
*Counsel for Defendant*
**McGuireWoods LLP**
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
Telephone: 804-775-4329
Facsimile: 804-698-2111
jmcelligott@mcguirewoods.com
sspeight@mcguirewoods.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2016, I electronically filed a copy of the foregoing with the Clerk of Court using the Court's CM/ECF System which will send notification of such filing to all registered filers. I further certify that a true copy of the foregoing has been served via electronic mail upon the following:

| | |
|---|---|
| Gregory Y. Porter (VSB No. 40408)<br>Ryan T. Jenny<br>  (admitted *pro hac vice*)<br>Patrick Owen Muench<br>  (admitted *pro hac vice*)<br>*Counsel for Plaintiff*<br>**Bailey & Glasser, LLP**<br>1054 31st Street, N.W., Suite 230<br>Washington, D.C.  20007<br>Telephone:  202-463-2101<br>Facsimile:  202-463-2103<br>gporter@baileyglasser.com<br>rjenny@baileyglasser.com<br>pmuench@baileyglasser.com | Athanasios Basdekis (VSB No. 50913)<br>Brian Alexander Glasser<br>  (admitted *pro hac vice*)<br>*Counsel for Plaintiff*<br>**Bailey & Glasser, LLP**<br>209 Capitol Street<br>Charleston, WV  25301<br>Telephone:  304-345-6555<br>Facsimile:  304-342-1110<br>bglasser@baileyglasser.com<br>tbasdekis@baileyglasser.com |

              /s/ Sarah Aiman Belger
Sarah Aiman Belger (VSB No. 67947)
*Counsel for Defendant*
**McGuireWoods LLP**
1750 Tysons Boulevard, Suite 1800
Tysons, Virginia  22102-4215
Telephone:  (703) 712-5350
Facsimile:  (703) 712-5299
sbelger@mcguirewoods.com