IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TIM P. BRUNDLE, on behalf of the Constellis Employee Stock Ownership Plan,<br><br>Plaintiff,<br><br>v.<br><br>WILMINGTON TRUST, N.A., as successor to WILMINGTON TRUST RETIREMENT AND INSTITUTIONAL SERVICES COMPANY,<br><br>Defendant. | Civil Action No. 1:15-cv-1494 (LMB/IDD) |

**PLAINTIFF'S NOTICE OF FILING PROPOSED NOTICE
PLAN TO CONSTELLIS ESOP PARTICIPANTS**

**PLEASE TAKE NOTICE THAT,** on July 7, 2017 Plaintiff, through counsel, filed this Notice Of Proposed Notice Plan To Constellis ESOP Participants.

The Court ordered Plaintiff to submit a proposed plan to provide notice "analogous to the class settlement procedures established by Fed. R. Civ. P. 23" to participants in the Constellis Employee Stock Ownership Plan ("Plan") regarding Plaintiff's Counsel's common fund fee request. [Dkt. 337 at 32-33; *see also* Dkt. 338].[1]

Exhibit 1 hereto is a proposed notice to participants in the Plan. It explains, in brief, the nature of the lawsuit, the proceedings to date, the outcome of the trial, the work performed by Plaintiff's Counsel, the fee arrangement between Plaintiff and Plaintiff's Counsel, how to get additional information about the lawsuit, including the fee request, and how to object to the fee request. The proposed notice also includes some additional information, such as if and when

---

[1] Although the Court ordered Plaintiff to prepare the proposed notice, Plaintiff's Counsel conferred with Defendant's Counsel on it. Defendant's Counsel disagreed with the language of notice proposed by Plaintiff. Plaintiff made some of Defendant's recommended revisions, but the parties did not agree on the final firm of notice. Plaintiff's Counsel asked Defendant's Counsel whether they had ever negotiated an ERISA class notice and, if so, to provide some examples. Defendant did not respond to these queries. Plaintiff also questions whether Defendant has any stake in this issue. Defendant is a directed trustee for the Plan. *Halldorson v. Wilmington Trust Ret. and Inst'l Servs. Co.*, 182. F. Supp. 3d 531, 545 (E.D. Va. 2016). *See also* [Dkt. 20-3, Constellis Employee Stock Ownership Trust, § 2.04 (Trustee subject to direction of Administrator on numerous topics); Dkt. 20-2, Constellis Employee Stock Ownership Plan, § 1.45 (Administrator "control[s] and manage[s] the administration and operation of the Plan"), § 7.1 (Administrator directs trustee on voting stock), § 8.2 ("discretionary powers and duties of the Administrator include … communicating with Employees regarding their Plan participation and benefits …")]. Defendant has no fiduciary authority or discretion to communicate with participants. [Dkt. 20-2 § 8.2 ("discretionary powers and duties of the Administrator include … communicating with Employees regarding their Plan participation and benefits …")] As a directed trustee, Defendant is constrained to rejecting only those directions from discretionary fiduciaries that are clearly contrary to ERISA. *DeFelice v. US Airways, Inc.*, 397 F. Supp. 2d 735, 751 (E.D. Va. 2005); *see also Renfro v. Unisys Corp.*, 617 bF.3d 314, 323 (3d Cir. 2011) (plan and trust document dictated defendant was directed trustee constrained to enumerated duties). It has no fiduciary role with respect to Plaintiff's Counsel's attorneys' fees or communicating with Plan participants.

money will be paid into the Plan, and when money will be paid to Plan participants.

The proposed notice also explains that a website will be established where relevant documents will be posted for participant review. Such documents would include the operative complaint, the Court's pertinent Memorandum Opinions [Dkts. 294, 337] and Orders [Dkts. 297, 338], and the parties' briefing on Plaintiff's Counsel's motion for attorneys' fees [Dkt. 313].

Finally, Plaintiff's Counsel have retained a settlement administration firm, KCC LLC, to format and mail the notice and establish a website. Plaintiff's Counsel will pay KCC's fees and expenses. KCC will format the notice to ensure that it fits on a single sheet of paper, double-sided. KCC will match the address file provided by Constellis to the National Change of Address System to ensure the most accurate mailing addresses. KCC will mail the notice via first-class mail to approximately 1,700 Plan participants.

Plaintiff proposes the following calendar for the notice: (1) Constellis delivers participant address records no later than three days after the Court's entry of the order on notice[2]; (2) KCC mails the notice first-class, U.S. Mail, and creates and populates the notice website within four days of receiving participant records; (3) participants shall have 45 days from the date of mailing of notice to submit written objections; (4) Plaintiff shall have seven days to submit responses to any written objections. Plaintiff leaves it to the sound discretion of the Court whether to hold a hearing on Plaintiff's Counsel's fee request and any objections thereto. If the Court decides to hold a hearing on Plaintiff's Counsel's fee request, the highlighted paragraph on the time, date, and location for the hearing will be included in the notice, subject to the Court setting the time and date.

The notice proposed by Plaintiff with respect to the attorneys' fees is consistent with

---

[2] Constellis's counsel, Eddie Isler, confirms that he has received the participant records.

2

class notices approved by this Court. For example, the class notice that this Court approved in *In re NII Holdings, Inc., Sec. Litig.*, 14-00227 (E.D. Va.) contains two paragraphs describing the attorneys' fees sought, as well as other information typical for a class notice. *See* Exhibit 2 at 2 (Statement of Attorneys' Fees Sought And Expenses Sought), 7 (How will the lawyers be paid?). The main differences between Plaintiff's proposed notice and the notice approved by the Court in *NII Holdings* go to descriptions of settlement terms and releases and the allocation methodology, which do not apply here.

The parties have agreed to not solicit contacts or communications with Plan participants. *Cf. Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981) ("a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties").

Finally, Plaintiff seeks to clarify the record with respect to the Court's ruling on costs and expenses. [Dkt. 337]. Plaintiff's Motion For Attorneys' Fees And Costs, And Plaintiff's Counsel's Motion For Attorney's Fees And Reimbursement Of Expenses ("Motion") [Dkt. 312], sought (1) statutory, taxable costs from Defendant under ERISA § 502(g), § 1132(g), and (2) reimbursement from the common fund of expenses advanced by Plaintiff's Counsel for experts, deposition transcripts, document review database, travel, and other case-related expenses. The Court denied Plaintiff's request for taxable costs because, the Court stated, Plaintiff did not provide "documentation of [his] expenses, beyond a spreadsheet that does not permit the Court to verify the expenses." (Dkt. 337 at 28.) Plaintiff, however, submitted a bill of taxable costs using the Court's form and pursuant to the Clerk of the Court's guidelines. [Dkt. 315.] The Bill of Costs included the required documentation. *Id.* Plaintiff did not seek reconsideration or amendment of this ruling because the time and expense associated with any

such motion would greatly exceed the $1,227.28 amount at issue.

*Separately* from taxable costs, Plaintiff's Counsel sought reimbursement of *non-taxable expenses from the common fund*. [Dkt. 312, at 2 (second bullet point); Dkt. 328 at 6-7 (fee-shifting statute does not provide for payment of litigation expenses other than statutory taxable costs); Dkt. 313-2, ¶ 8 (listing taxable costs as separate line item of total expenses advanced by Counsel.] *See also U.S. v. Tobias*, 935 F.2d 666, 667-68 (4th Cir. 1991) (litigation expenses reimbursable from common fund); *In re the Mills Corp. Sec. Litig.*, 256 F.R.D. 246, 265 (E.D. Va. 2009) (same in connection with class settlement); Fed. R. Civ. P. 23(h) (non-taxable costs reimbursable from settlement fund). Although federal and local rules require receipts, invoices, and the like for taxable costs, no such requirements exist for reimbursable expenses from a common fund. It is not, in our experience, the practice to submit such material, but to make them available to the Court upon request, as Plaintiff did here. [Dkt. 313-2 ¶¶ 8, 17]. The spreadsheet submitted to the Court detailing each expense by line item is considerably more detailed than general practice.[3] Plaintiff's Counsel incurred expenses they believed were reasonable and necessary to the successful prosecution of this lawsuit. Again, however, Plaintiff's Counsel do not seek reconsideration of the ruling on expenses, but leave it to the sound discretion of the Court as a factor to consider when ruling on fees requested from the common fund.

---

[3] *Cf. In re NII Holdings, Inc., Sec. Litig.*, 14-00227 (E.D. Va.), Dkts. 257-1, Exhibit 7B, 257-2, Exhibit 8B, attached hereto as Exhibits 3 and 4, respectively. The Court approved over $1.4 million in expenses based on these submissions. *In re NII Holdings, Inc., Sec. Litig.*, 14-00227 (E.D. Va.), Dkt. 266 ¶ 4, attached hereto as Exhibit 5.

4

Dated: July 7, 2017                  Respectfully submitted,

BAILEY & GLASSER LLP

/s/ Gregory Y. Porter
Gregory Y. Porter (VSB No. 40408)
Brian A. Glasser (*pro hac vice*)
Ryan T. Jenny (*pro hac vice*)
Patrick O. Muench (*pro hac vice*)
1054 31st Street, NW, Suite 230
Washington, DC 20007
Telephone: (202) 463-2101
gporter@baileyglasser.com
bglasser@baileyglasser.com
rjenny@baileyglasser.com
pmuench@baileyglasser.com

Thanos Basdekis (VSB No. 50913)
209 Capitol Street
Charleston, WV 25301
Telephone: (304) 345-6555
tbasdekis@baileyglasser.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of July 2017, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send such notification to the following:

James P. McElligott, Jr.
Summer L. Speight
Nicholas DelVecchio SanFilippo
*Counsel for Defendant*
**McGuireWoods LLP**
Gateway Plaza
800 East Canal Street
Richmond, VA  23219-3916
Telephone:  804-775-4329
Facsimile:  804-698-2111
Email:  jmcelligott@mcguirewoods.com
speight@mcguirewoods.com
nsanfilippo@mcguirewoods.com

Stephen W. Robinson
John E. Thomas, Jr.
*Counsel for Defendant*
**McGuireWoods LLP**
1750 Tysons Boulevard, Suite 1800
Tysons Corner, Virginia  22102-4215
Telephone:  (703) 712-5000
Facsimile:  (703) 712-5050
Email:  srobinson@mcguirewoods.com
jethomas@mcguirewoods.com

Sarah Aiman Belger
*Counsel for Defendant*
**Odin Feldman & Pittleman PC**
1775 Wiehle Ave., Suite 400
Reston, VA 20190
(703) 218-2161
Sarah.Belger@ofplaw.com

s/ Gregory Y. Porter
Gregory Y. Porter (VSB No. 40408)
BAILEY & GLASSER LLP
1054 31st Street, NW, Suite 230
Washington, DC 20007
Telephone: (202) 463-2101
Facsimile: (202) 463-2103

gporter@baileyglasser.com
*Attorney for Plaintiff*