IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TIM P. BRUNDLE, on behalf of the Constellis Employee Stock Ownership Plan,<br><br>*Plaintiff*,<br><br>v.<br><br>WILMINGTON TRUST N.A., as successor to Wilmington Trust Retirement and Institutional Services Company,<br><br>*Defendant*. | Case No. 1:15-cv-1494 (LMB/IDD) |

### DEFENDANT WILMINGTON TRUST N.A.'S OBJECTIONS TO PLAINTIFF'S NOTICE OF FILING PROPOSED NOTICE PLAN TO CONSTELLIS ESOP PARTICIPANTS

COMES NOW Defendant, Wilmington Trust, N.A. (hereinafter referred to as "Wilmington Trust"), by counsel, and, without waiving its objections to any award of "common fund" attorneys' fees in this case, submits these Objections to Plaintiff's Notice of Filing Proposed Notice Plan to Constellis ESOP Participants.

As an initial matter, Wilmington Trust acknowledges that it has no immediate financial stake in the outcome of the contingent fee award. However, as Plaintiff's counsel concedes, Wilmington Trust, even as a directed trustee, has a fiduciary duty to act in accordance with ERISA over any directions to the contrary. (Dkt. 339, at 1 n.1 (citing *DeFelice v. US Airways, Inc.*, 397 F. Supp. 2d 735, 751 (E.D. Va. 2005)). The Constellis Employee Stock Ownership Trust explicitly recognizes this fiduciary duty. (Dkt. 20-3, § 2.02 ("Notwithstanding the provisions herein, the Trustee . . . shall act in accordance with its obligations under ERISA."), § 2.03 ("The Trustee will discharge its duties hereunder . . . in accordance with the terms of this Trust Agreement to the extent, in the good faith judgment of the Trustee, that the Trust

Agreement is consistent with the provisions of the Code and ERISA.").)  Regardless, because the Court is considering a contingent fee award, it is in the best interest of all involved to have a fair and accurate notice sent to the ESOP participants.  The notice proposed by Plaintiff's counsel fails to meet that standard.

The notice proposed by Plaintiff's counsel fails to provide ESOP participants with clear notice that the ESOP's $29,773,250 judgment award could be reduced by up to $9,924,416.67 as a contingent fee award to Plaintiff's counsel.  It also fails to provide an objective overview of the actual attorneys' fees and costs expended by Plaintiff's counsel and those found to be reasonable by the Court in its June 23, 2017 Memorandum Opinion.  Instead, Plaintiff's counsel drafted the proposed notice in a manner that attempts to minimize potential concerns and discourage objections from ESOP participants by having the Court "vouch" for hours and costs expended and the reasonableness of the contingent fee, while simultaneously skirting the exact amount of the contingent fee at issue and the effect that such an award will have on the participants' individual recovery.  Wilmington Trust requests that the Court revise the proposed notice to address these issues.

Wilmington Trust attaches a red-lined version (Exhibit A) and a clean version (Exhibit B) of a revised Proposed Notice.  The revised Proposed Notice contains the following category of changes to Plaintiff's Proposed Notice:

- Includes $9,924,416.67 in the Proposed Notice, which is the specific amount of the contingent fee award requested by Plaintiff's counsel—The notice proposed by Plaintiff's counsel states that they have requested that 1/3 of the judgment be awarded to them, but Plaintiff's counsel has refused to include the exact amount of the contingent fee request in the notice.

- Provides an accurate description of Plaintiff's request for attorneys' fees under ERISA's fee-shifting statute—Plaintiff's counsel's proposed notice states that they asked that a *portion* of their attorneys' fees be paid by Wilmington Trust and that the Court awarded them only a part of their attorneys' fees.  This is a misleading and inaccurate account of

what happened. Plaintiff's counsel moved for an award of all of their attorneys' fees in the amount of $2,815,729.50, but the Court awarded only $1,819,631.11 as reasonable attorneys' fees.

- Includes objective statements so that Plaintiff's counsel is not using the Court-issued notice to vouch for the reasonableness of the contingent fee award—For example, the notice proposed by Plaintiff's counsel explains that the Court "stated that a 1/3 contingent fee is a relatively standard arrangement" in its June 23, 2017 order (Dkt. 339-1), but Plaintiff's counsel refused to include the fact that the Court also expressed concern about the fairness of such a contingent fee to the unrepresented ESOP participants (June 23, 2017 Memorandum Opinion, Dkt. 337 at 32 ("Although the Court agrees that a one-third contingent fee is a relatively standard arrangement, defendant's concerns about the fairness to the unrepresented ESOP participants are well-founded.")). As another example, Plaintiff's counsel attempts to use the Court-issued notice to vouch for the 5,500 hours and $643,584.50 spent on the case. But the Court's June 23, 2017 Memorandum Opinion applied large discounts to the amount of hours worked on the case and declined to award $643,584.50 in expenses because of a lack of documentation. The revised notice proposed by Wilmington Trust makes this clear.

- Clarifies that any contingent fee award will reduce the amount received by the ESOP.

- Clarifies that the contingent fee agreement between Plaintiff and Plaintiff's counsel is not binding on the ESOP or other participants and is subject to the Court's approval.

- States that any objection from a participant will not prevent a participant from receiving a portion of the judgment.

These revisions are necessary to provide fair and adequate notice to participants of Plaintiff's counsel's request for a contingent fee award and the effect that such an award will have on a participant's share of the judgment.

Wilmington Trust also objects to and seeks to revise Plaintiff's proposed plan for sending out the notices in three aspects. First, Wilmington Trust wants to ensure that the website to "be established where relevant documents will be posted for participant review" (Dkt. 339, at 2) includes the following docket entries as well as those identified by Plaintiff:

1. Dkt. 295, Order;

2. Dkt. 312, Plaintiff's Motion for Attorneys' Fees and Costs, and Plaintiff's Counsel's Motion for Attorneys' Fees and Reimbursement of Expenses;

3

3. Dkt. 325, Memorandum of Defendant Wilmington Trust, N.A. in Opposition to Plaintiff's Motion for Attorneys' Fees and Costs, and to Plaintiff's Counsel's Motion for Attorneys' Fees and Reimbursement of Expenses;

4. Dkt. 328, Reply Memorandum in Support of Plaintiff's Motion for Attorneys' Fees and Costs, and Plaintiff's Counsel's Motion for Attorneys' Fees and Reimbursement of Expenses;

5. Dkt. 339, Plaintiff's Notice of Filing Proposed Notice Plan to Constellis ESOP Participants;

6. Dkt. 340, Defendant Wilmington Trust, N.A.'s Objections to Plaintiff's Notice of Filing Proposed Notice Plan to Constellis ESOP Participants; and

7. Any Court Order on Plaintiff's Notice of Filing Proposed Notice Plan to Constellis ESOP Participants.

These docket entries relate to those identified by Plaintiff's counsel and/or the notice at issue and should be available in the same manner on the website.

Second, Wilmington Trust requests that the notice be sent to participants by e-mail, where an e-mail address is readily available, in addition to mailing the notice via first-class mail as proposed by Plaintiff's counsel. Given the nature of the participants' jobs and the likelihood that many are out of the country or away from their home address, additional e-mail service, where available, is preferable.

Third, Wilmington Trust should also be given an opportunity to submit responses to any written rejections. Plaintiff's counsel proposes that they be given seven days to submit responses to any written objections, and Wilmington Trust requests that it be given the same opportunity.

Wilmington Trust also objects to Plaintiff's counsel's attempt to reargue their entitlement to $643,584.50 in unsubstantiated expenses from the common fund. Plaintiff's argument in his Notice (Dkt. 339, at 3-4) that he sought his litigation expenses from the proposed common fund, rather than from Wilmington Trust is squarely contradicted by his Fee Petition, and conflates his recovery of statutory Costs (which Wilmington Trust did not contest) with his excessive litigation

expenses, which this Court properly found were not recoverable both because Plaintiff had not submitted the required substantiation as well as because many of the expenses appeared, on their face, to be unreasonable.

The organization of Plaintiff's Fee Petition rebuts his new argument that he was not seeking the expenses from Wilmington Trust.  Part III of the Fee Petition is titled "Argument," and has 3 subsections: "A.  ERISA § 502(g) Permits Plaintiff to Recover Fees and Costs from Defendant;"  "B. Counsel's Proposed Fee of One-Third the Value of the Common Fund is Reasonable and Appropriate;" and "C. The Requested Costs and Expenses are Reasonable and Should be Awarded."  (Dkt. 313, at 6, 22, 27).  In subsection C, Plaintiff cites only 29 U.S.C. § 1132(g)(1) as the basis for his entitlement to these expenses.  (Dkt. 313, at 27.)  There is no mention in this subsection that the basis for the award of these expenses is the common fund. Likewise, there is no mention of Plaintiff's desire to recover these expenses as part of the common fund argument in subsection B.  Additionally, there is no mention in the Declaration of Mr. Porter that Plaintiff is seeking to recover these expenses from the common fund.  Finally, Document Number 313-2, upon which Plaintiff now relies, does not make it clear that Plaintiff was seeking expenses from the common fund as opposed to Wilmington Trust.

Regardless of the basis for Plaintiff's claim for over $643,000 in unsubstantiated litigation expenses, this Court correctly found that Plaintiff had not met his burden to prove that he was entitled to recover these expenses, whether from Defendant or the common fund.  This Court's holding that this burden of proof was not met is the law of the case and cannot be challenged by Plaintiff at this time.  *Carlson v Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017); *Richardson v. Faulk*, No. 1:15-cv-1489 (LMB/TCB), 2016 U.S. Dist. LEXIS 181713, at *2 (E.D. Va. July, 13 2016).

5

For the reasons stated above, Wilmington Trust requests that the Court issue the revised Proposed Notice attached hereto to notify the ESOP participants of a potential contingent fee award against the judgment and modify Plaintiff's counsel's plan for sending out the notices as requested above.

**WILMINGTON TRUST, N.A.**
**By Counsel**

/s/ *James P. McElligott, Jr.*
James P. McElligott, Jr.  (VSB # 14109)
Summer L. Speight (VSB No. 80957)
**McGuireWoods LLP**
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
Telephone: 804-775-1000
Facsimile:  804-775-1061
jmcelligott@mcguirewoods.com
sspeight@mcguirewoods.com

Stephen W. Robinson (VSB No. 15337)
Nicholas D. SanFilippo (VSB No. 79018)
**McGuireWoods LLP**
1750 Tysons Boulevard, Suite 1800
Tysons, Virginia 22102-4215
Telephone: 703-712-5000
Facsimile:  703-712-5050
srobinson@mcguirewoods.com
nsanfilippo@mcguirewoods.com

Sarah A. Belger (VSB No. 67947)
**Odin, Feldman & Pittleman, P.C.**
1775 Wiehle Ave., Suite 400
Reston, VA 20190
Telephone: 703-218-2161 (Belger)
Facsimile:  703-218-2160
sarah.belger@ofplaw.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2017, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all registered counsel of record in this action listed below:

| | |
|---|---|
| Gregory Y. Porter (VSB No. 40408)<br>Ryan T. Jenny<br>  (admitted pro hac vice)<br>Patrick Owen Muench<br>  (admitted pro hac vice)<br>Counsel for Plaintiff<br>**Bailey & Glasser, LLP**<br>1054 31st Street, N.W., Suite 230<br>Washington, D.C. 20007<br>Telephone: 202-463-2101<br>Facsimile: 202-463-2103<br>Email: gporter@baileyglasser.com<br>rjenny@baileyglasser.com<br>pmuench@baileyglasser.com | Athanasios Basdekis (VSB No. 50913)<br>Brian Alexander Glasser<br>  (admitted *pro hac vice*)<br>*Counsel for Plaintiff*<br>**Bailey & Glasser, LLP**<br>209 Capitol Street<br>Charleston, WV 25301<br>Telephone: 304-345-6555<br>Facsimile: 304-342-1110<br>Email: bglasser@baileyglasser.com<br>tbasdekis@baileyglasser.com<br><br>*Counsel for Plaintiff* |
| Benjamin Pederson Lajoie<br>(admitted *Pro Hac Vice*)<br>**Bailey & Glasser LLP**<br>99 High Street<br>Suite 304<br>Boston, MA 02110<br>Telephone: 617-439-6730<br>Facsimile: 617-951-3954<br>Email: blajoie@baileyglasser.com<br><br>*Counsel for Plaintiff* | Edward Lee Isler (VSB No. 27985)<br>Micah E. Ticatch (VSB No. 83351)<br>**Isler Dare, P.C.**<br>1945 Old Gallows Road, Suite 650<br>Vienna, VA 22182<br>Telephone: 748-2690<br>Facsimile: 748-2695<br>Email: mticatch@islerdare.com<br>Email: eisler@islerdare.com<br><br>*Counsel for Nonparty Constellis Group, Inc.* |

                                        /s/   James P. McElligott, Jr.
                                        James P. McElligott, Jr. (VSB # 14109)
                                        **McGuireWoods LLP**
                                        Gateway Plaza
                                        800 East Canal Street
                                        Richmond, Virginia 23219-3916
                                        Telephone: 804-775-1000
                                        Facsimile: 804-775-1061
                                        jmcelligott@mcguirewoods.com