IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

TIM P. BRUNDLE, on behalf of the )
   Constellis Employee Stock Ownership Plan and a )
   class of other individuals similarly situated, )
                                                                             )
                 Plaintiff, )
                                              )
       v. )      1:15-cv-1494 (LMB/IDD)
                                  )
WILMINGTON TRUST N.A., as successor to )
   Wilmington Trust Retirement and Institutional )
   Services Company )
                                  )
               Defendant. )
                                  )

<u>ORDER</u>

     Plaintiff has submitted a Proposed Notice Plan to Constellis ESOP Participants ("Proposed Notice"), outlining how plaintiff intends to notify the participants in the Constellis, Inc. ("Constellis") Employee Stock Ownership Plan ("ESOP") about the judgment and proposed contingent fee award in this civil action. Defendant Wilmington Trust, N.A. ("defendant" or "Wilmington") and non-party Constellis have filed objections. Having reviewed the Proposed Notice and objections, the Court finds that oral argument would not aid the decisional process and that the Proposed Notice will be approved subject to the emendations outlined below.

     First, plaintiff's counsel seek clarification regarding the Court's conclusion in its June 23, 2017 Memorandum Opinion that they are not entitled to recover costs because they failed to submit adequate documentation of the reasonableness of those costs. <u>Brundle v. Wilmington Trust N.A.</u>, __ F. Supp. 3d __, 2017 WL 2727091, at *12 (E.D. Va. 2017). The Court clarifies that, because of the evidentiary deficiencies outlined in the June 23 Memorandum Opinion, plaintiff's counsel are not entitled to recover costs from the common fund beyond the 33 1/3%

contingent fee. Moreover, Brundle's contractual retainer agreement with his counsel, which is the basis for the common fund award, does not provide for any recovery from the common fund beyond the contingent fee. [Dkt. 332].[1]

Second, Wilmington asks that the Notice be sent by e-mail as well as regular mail. The Court agrees that sending the Notice by e-mail is appropriate, given the likelihood that many ESOP participants are assigned to duty stations away from their mailing address of record.

Third, Wilmington asks that several documents filed in connection with this civil action be made available to ESOP participants for review. The Court agrees that plaintiff should make the following documents available to the ESOP participants: (1) March 13, 2017 Memorandum Opinion [Dkt. 294]; (2) March 13, 2017 Order [Dkt. 295]; (3) March 13, 2017 Rule 58 Judgment [Dkt. 297]; (4) Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Attorneys' Fees and Costs, and Plaintiff's Counsel's Motion for Attorney's Fees and Reimbursement of Expenses ("Fee Petition") [Dkt. 313]; (5) Defendant's Memorandum in Opposition to Plaintiff's Fee Petition [Dkt. 325]; (6) Plaintiff's Reply Memorandum in Support of Plaintiff's Fee Petition [Dkt. 328]; (7) June 23, 2017 Memorandum Opinion [Dkt. 337]; and (8) June 23, 2017 Order [Dkt. 338]. The documents may be made available by having them posted on a website. Defendant has also requested that the Proposed Notice and associated briefing be included in the provided materials, but the Court finds that this is not necessary given that the Court will ultimately approve the content of the Notice sent to the ESOP participants.

Fourth, pursuant to their requests, both parties will be given an opportunity to respond to any objections and will be directed to do so within seven days of the end of the period during

---

[1] Plaintiff also sought clarification regarding the Bill of Costs. [Dkt. 315]. Because the Bill of Costs includes appropriate documentation, and defendant has not objected to it, the Bill of Costs will be approved.

which objections may be filed. Non-party Constellis seeks to be included in the Notice and seeks an opportunity to respond to any objections. The Court finds that it is unnecessary to include Constellis in the formal notification procedure, because Constellis is already listed as an interested party in this civil action and therefore receives the relevant ECF notifications; however, Constellis may file responses to any objections lodged by ESOP participants during the same seven day period which the parties will have to respond.

Fifth, defendant has proposed several discrete changes to the language in the Proposed Notice. The Court finds as follows:

- The word "court" should be capitalized whenever it refers to this Court. This requires changes throughout the Proposed Notice.

- In the section titled "What Is This Lawsuit About?" the Court agrees that the total amount of fees should be included; however, the sentence should clarify that the fees are to be paid "in part" out of the money to be recovered by the ESOP given that the total amount will be offset by the fees awarded under ERISA's fee shifting provision. The Court finds that defendant's additional proposed sentence is redundant. Accordingly, the last sentence of that section should read, "You are receiving this notice so that you have an opportunity to object to the $9,924,416.67 in fees requested by Brundle's attorneys, $8,104,785.56 of which will be paid in part out of the money recovered for the ESOP."

- Defendant's proposed changes in the section titled "What Happened in the Lawsuit?" are rejected as unnecessary.

- The section entitled "Attorneys' Fees" should read as follows: "Brundle's attorneys, the law firm Bailey & Glasser LLP ("B&G"), requested that the Court order Wilmington Trust to pay B&G $2,815,729.50 in attorneys' fees. The Court reduced the amount of attorneys' fees to be paid by Wilmington Trust to $1,819,631.11. B&G also requested that $9,924,416.67, or 1/3 of the $29,773,250 judgment amount, be awarded to B&G pursuant to a contractual arrangement with their client Brundle. This amount will be offset in part by the $1,819,631.11 that the Court ordered Wilmington Trust to pay in attorneys' fees. B&G attorneys and staff put in over 5,500 hours on the case, but the Court discounted the hours worked by the attorneys as explained in the Court's Memorandum Opinion of June 23, 2017. B&G has not yet been paid any money for its hours or received any money for the expenses it incurred. B&G took this case on a contingent basis, meaning the firm would not receive any money unless money was recovered for the ESOP. B&G signed an attorney-client agreement with Brundle in which he agreed that the firm would receive up to 1/3 of any money recovered on behalf of the ESOP, but Brundle's agreement is not binding on the ESOP or other participants and is subject to the Court's

supervision and approval. In its June 23, 2017 Order on attorneys' fees, the Court stated that a 1/3 contingent fee is a relatively standard arrangement, but expressed its concern about the fairness of the arrangement to the unrepresented ESOP participants. The Court directed B&G to provide notice to the ESOP participants so you have a chance to object to the fee request. The amount of any contingent fee award exceeding the amount of attorneys' fees already approved by the Court will reduce the amount received by the ESOP and the proportionate share received in each participant's account."

- In the section entitled "Opportunity to Object," the introductory paragraph should read: "You can object to the fee request. You will not be penalized for submitting an objection and will be entitled to receive a portion of the judgment as determined by the terms of the Plan regardless of any objection. To object, you must send your objection in writing (not by e-mail) to the court, including the name of the case (<u>Brundle v. Wilmington Trust</u>) and the case number (No. 1:15-cv-1494), addressed to the Clerk of the Court, United States District Court for the Eastern District of Virginia, Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314, and to the parties' lawyers at the following addresses: [ . . .]."

- In the section entitled "Opportunity to Object," in the second paragraph, the word "additional" should be inserted as proposed by defendant, but the phrase "from the ESOP damages award" may be omitted as it is unnecessary.

- In the section entitled "Getting More Information," the Court finds that the word "preliminary" should not be stricken.

Regarding the timeline, plaintiff's counsel must send the amended Notice within seven days of the issuance of this Order. Participants must be given 45 days to lodge their objections, after which the parties and Constellis will have seven days to file their responses. A final hearing regarding the contingent fee will be set on Friday, October 13, 2017 at 10:00 a.m., and the date of this hearing should be included in the Notice sent to participants.

For these reasons, it is hereby

ORDERED that the Bill of Costs [Dkt. 315] in the amount of $1,227.28 be and is APPROVED; and it is further

ORDERED that within seven days, plaintiff's counsel send the amended Notice to the ESOP participants by regular mail and e-mail; and it is further

4

ORDERED that any participant who objects to the attorneys' fee file an objection within 45 days of the date that the Notice is mailed, with any responses by the parties and Constellis due within 7 days of the 45th day; and it is further

ORDERED that a hearing be and is set for Friday, October 13, 2017 at 10:00 a.m. to address the final amount of the contingent fee.

The Clerk is directed to forward copies of this Order to counsel of record.

Entered this 2nd day of August, 2017.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge